UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>RICOH COMPANY, LTD.<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 12-CV-3109-DLC<br>)<br>)<br>)<br>)<br>) |

## KODAK'S ANSWER TO RICOH'S COUNTERCLAIMS

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff Eastman Kodak Company ("Kodak") answers the allegations in Defendant Ricoh Company, Ltd.'s ("Ricoh") Counterclaims as follows.

Kodak realleges paragraphs 1-44 of its Complaint (Dkt. No. 1) and denies any statement in the Preliminary Statement of Ricoh's Answer and paragraphs 1-94 of Ricoh's Answer that is inconsistent with those allegations.

## THE NATURE OF THE ACTION

1.  In response to the allegations in paragraph 1 of Ricoh's Counterclaim, Kodak admits that Ricoh represents it seeks declaratory relief with respect to Ricoh's breach of the Patent License Agreement (the "PLA"), as amended. Kodak admits that the parties entered into the PLA on May 1, 2002. Kodak admits that Ricoh has represented that it seeks a declaration that it does not owe royalty reports, payments, or interest under paragraph 4.4 of the PLA, as amended. Kodak admits that Ricoh has represented that it seeks a declaration clarifying that the PLA, as amended, and applicable law limits the scope of any payments by Ricoh should the

Court find that Ricoh owes royalties or other sums.   Kodak denies any remaining allegations set forth in paragraph 1.

## THE PARTIES

2. In response to the allegations in paragraph 2 of Ricoh's Counterclaim, Kodak admits that Ricoh has represented that it is a Japanese corporation with a principal place of business at 8-13-1 Ginza, Tokyo, 104-8222 Chuo-ku, Japan.

3. In response to the allegations in paragraph 3 of Ricoh's Counterclaim, Kodak admits that Kodak is a corporation organized and existing under the laws of New Jersey with a principal place of business at 343 State Street, Rochester, New York 14650.

## JURISDICTION AND VENUE

4. Paragraph 4 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 4 states allegations to which a response is required, those allegations are denied.

5. Paragraph 5 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 5 states allegations to which a response is required, those allegations are denied.

6. Paragraph 6 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 6 states allegations to which a response is required, those allegations are denied.

## FACTUAL ALLEGATIONS

No response is required to the headings and subheadings of Ricoh's Counterclaim, which are not set out in numbered paragraphs as allegations.  To the extent that any heading or subheading in Ricoh's Counterclaim is construed to be an allegation, it is hereby denied.

7. In response to the allegations in paragraph 7 of Ricoh's Counterclaim, Kodak admits that Ricoh and Kodak entered into the PLA on May 1, 2002. Kodak admits that many digital camera manufacturers have taken licenses to Kodak's extensive digital camera patent portfolio. Kodak further states that the terms of the PLA speak for themselves. Kodak denies any remaining allegations in paragraph 7 of Ricoh's Counterclaim.

8. In response to the allegations in paragraph 8 of Ricoh's Counterclaim, Kodak admits that the parties amended the PLA on December 5, 2007, and the terms of that amendment speak for themselves. Kodak denies the remaining allegations in paragraph 8.

9. In response to the allegations in paragraph 9 of Ricoh's Counterclaim, Kodak admits that Paragraph 4.4 of the PLA was restated in the 2007 amendment. Kodak denies the remaining allegations in paragraph 9 of Ricoh's Counterclaim.

## REQUEST FOR DECLARATORY JUDGMENT

10. In response to the allegations in paragraph 10 of Ricoh's Counterclaim, Kodak incorporates by reference and realleges Paragraphs 1 through 44 of its Complaint, and paragraphs 1 through 9 of its Answer to Ricoh's Counterclaim as if set forth here in their entirety. To the extent that a further response is necessary, Kodak denies any statements or allegations in paragraphs 46-68 of Ricoh's Answer to Complaint, Affirmative Defenses, and Counterclaims that are inconsistent with Kodak's Complaint.

11. Paragraph 11 of Ricoh's Counterclaim states conclusions of law to which no response is required. To the extent that paragraph 11 states allegations to which a response is required, those allegations are denied.

12. In response to the allegations in paragraph 12 of Ricoh's Counterclaim, Kodak incorporates by reference and realleges Paragraphs 1 through 44 of its Complaint, and

paragraphs 1 through 11 of its Answer to Ricoh's Counterclaim as if set forth here in their entirety.  To the extent that a further response is necessary, Kodak denies any statements or allegations in paragraphs 69-75 of Ricoh's Answer to Complaint, Affirmative Defenses, and Counterclaims that are inconsistent with Kodak's Complaint.

13.     Paragraph 13 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 13 states allegations to which a response is required, those allegations are denied.

14.     In response to the allegations in paragraph 14 of Ricoh's Counterclaim, Kodak incorporates by reference and realleges Paragraphs 1 through 44 of its Complaint, and paragraphs 1 through 13 of its Answer to Ricoh's Counterclaim as if set forth here in their entirety.  To the extent that a further response is necessary, Kodak denies any statements or allegations in paragraphs 76-78 of Ricoh's Answer to Complaint, Affirmative Defenses, and Counterclaims that are inconsistent with Kodak's Complaint.

15.     Paragraph 15 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 15 states allegations to which a response is required, those allegations are denied.

16.     In response to the allegations in paragraph 16 of Ricoh's Counterclaim, Kodak incorporates by reference and realleges Paragraphs 1 through 44 of its Complaint, and paragraphs 1 through 15 of its Answer to Ricoh's Counterclaim as if set forth here in their entirety.  To the extent that a further response is necessary, Kodak denies any statements or allegations in paragraphs 78-80 of Ricoh's Answer to Complaint, Affirmative Defenses, and Counterclaims that are inconsistent with Kodak's Complaint.

17.     Paragraph 17 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 17 states allegations to which a response is required, those allegations are denied.

18.     In response to the allegations in paragraph 18 of Ricoh's Counterclaim, Kodak incorporates by reference and realleges Paragraphs 1 through 44 of its Complaint, and paragraphs 1 through 17 of its Answer to Ricoh's Counterclaim as if set forth here in their entirety.  To the extent that a further response is necessary, Kodak denies any statements or allegations in paragraphs 82-86 of Ricoh's Answer to Complaint, Affirmative Defenses, and Counterclaims that are inconsistent with Kodak's Complaint.

19.     Paragraph 19 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 19 states allegations to which a response is required, those allegations are denied.

20.     In response to the allegations in paragraph 20 of Ricoh's Counterclaim, Kodak incorporates by reference and realleges Paragraphs 1 through 44 of its Complaint, and paragraphs 1 through 19 of its Answer to Ricoh's Counterclaim as if set forth here in their entirety.  To the extent that a further response is necessary, Kodak denies any statements or allegations in paragraphs 87-93 of Ricoh's Answer to Complaint, Affirmative Defenses, and Counterclaims that are inconsistent with Kodak's Complaint.

21.     Paragraph 21 of Ricoh's Counterclaim states conclusions of law to which no response is required.  To the extent that paragraph 21 states allegations to which a response is required, those allegations are denied.

22.     Kodak denies the allegations in paragraph 22 of Ricoh's Counterclaim and states that the terms of the PLA speak for themselves.

23. Kodak denies the allegations in paragraph 23 of Ricoh's Counterclaim and states that the allegations in Kodak's Complaint speak for themselves and the terms of the PLA speak for themselves.

24. Kodak denies the allegations in paragraph 24 of Ricoh's Counterclaim and states that the terms of the second amendment to the PLA speak for themselves.

25. Kodak denies the allegations in paragraph 25 of Ricoh's Counterclaim and states that the terms of the second amendment to the PLA speak for themselves

26. Kodak denies the allegations in paragraph 26 of Ricoh's Counterclaim and states that the terms of the second amendment to the PLA speak for themselves.

27. Kodak denies the allegations contained in paragraph 27 of Ricoh's Counterclaim and states that the terms of the second amendment to the PLA speak for themselves.

28. In response to the allegations in paragraph 28 of Ricoh's Counterclaim, Kodak admits that the PLA expires on April 30, 2012 and that Ricoh does not owe Kodak royalties for sales of Licensed Products after that date. Kodak further states that interest for unpaid amounts due under the PLA continues to accrue after that date.

29. Kodak denies the allegations in paragraph 29 of Ricoh's Counterclaim and states that the allegations in Kodak's Complaint speak for themselves and the terms of the PLA speak for themselves.

30. In response to paragraph 30 of Ricoh's Counterclaim, Kodak states that Ricoh has represented that certain of the cameras sold by Pentax during the period covered by the PLA were "Single Lens Reflex" cameras, or SLRs. Kodak denies all remaining allegations in paragraph 30 of Ricoh's Counterclaim and states that the terms of the PLA speak for themselves.

31. Kodak denies the allegations in paragraph 31 of Ricoh's Counterclaim and states that the terms of the PLA speak for themselves.

32. Kodak denies the allegations in paragraph 32 of Ricoh's Counterclaim and states that the terms of the PLA speak for themselves.

33. Kodak denies the allegations in paragraph 33 of Ricoh's Counterclaim and states that the terms of the PLA speak for themselves.

34. Kodak denies the allegations in paragraph 34 of Ricoh's Counterclaim and states that the terms of the PLA speak for themselves.

## PRAYER FOR RELIEF

To the extent that a response is required to Ricoh's Prayer for Relief, Kodak denies that Ricoh is entitled to the relief sought in its Prayer for Relief and denies each and every allegation therein.

## GENERAL DEFENSE

Kodak denies any and all allegations contained in Ricoh's Counterclaim that Kodak has not expressly admitted herein and denies the relief requested by Ricoh in its Counterclaim. Kodak also expressly reserves its right to amend this Answer as the facts surrounding its Complaint and Ricoh's Counterclaim are developed through the discovery process.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Ricoh has failed to state a claim against Kodak upon which relief may be granted in each count of its Counterclaim.

### SECOND AFFIRMATIVE DEFENSE

- 8 -

**(No Implied License)**

Kodak denies that Pentax has an implied license authorizing Pentax to make, use, offer to sell, sell, and import digital cameras practicing Kodak's patents.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver/Estoppel)**

Ricoh's Counterclaim is barred in whole or in part by the doctrines of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

**(No Misuse of Patents)**

Kodak denies that Kodak's recovery is barred and that the PLA is unenforceable because of purported patent misuse.

### FIFTH AFFIRMATIVE DEFENSE

**(Miscellaneous)**

Kodak reserves the right to assert any other defenses that may be revealed during discovery.

### PRAYER FOR RELIEF

Kodak requests that the Court enter a final judgment in Kodak's favor:

A.  Dismissing Ricoh's Counterclaim in its entirety with prejudice and without costs to Kodak;

B.  Denying Ricoh's request for a declaration as described in paragraph 11 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must report and pay royalties and interest on all pre- and post-acquisition sales of Licensed Products;

- 9 -

C.     Denying Ricoh's request for a declaration as described in paragraph 13 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must report and pay royalties and interest on all pre- and post-acquisition sales of Licensed Products;

D.     Denying Ricoh's request for a declaration as described in paragraph 15 of its Counterclaim and declaring that, under the terms the PLA, Ricoh must report and pay royalties and interest on all pre- and post-acquisition sales of Licensed Products;

E.     Denying Ricoh's request for a declaration as described in paragraph 17 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must report and pay royalties and interest on all pre- and post-acquisition sales of Licensed Products;

F.     Denying Ricoh's request for a declaration as described in paragraph 19 of its Counterclaim and declaring that the PLA is valid and enforceable and requires Ricoh to report and pay royalties and interest on all of Pentax's pre- and post-acquisition sales of Licensed Products;

G.     Denying Ricoh's request for a declaration as described in paragraph 21 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must report and pay royalties and interest on all pre- and post-acquisition sales of Licensed Products;

H.     Denying Ricoh's request for a declaration as described in paragraph 22 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must pay interest on the overdue royalty payments owed to Kodak on all pre- and post-acquisition sales of Licensed Products;

I.     Denying Ricoh's request for a declaration as described in paragraph 23 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must report and pay royalties and interest on all pre- and post-acquisition sales of Licensed Products;

    J.      Denying Ricoh's request for a declaration as described in paragraph 34 of its Counterclaim and declaring that, under the terms of the PLA, Ricoh must report all pre- and post-acquisition sales of Licensed Products;

    K.      Awarding Kodak its costs and attorneys' fees as permitted by law; and

    L.      Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 16, 2012

/s/ Daniel M. Esrick
Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE & DORR, LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
robert.gunther@wilmerhale.com

Michael J. Summersgill (Admitted *Pro Hac Vice*)
Daniel M. Esrick (Admitted *Pro Hac Vice*)
Marissa A. Lalli (Admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE & DORR, LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Eastman Kodak Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July, 2012, I electronically filed the foregoing Answer to Defendant's Counterclaim with the Clerk of the District Court using the CM/ECF system, which sent a notification of filing to all attorneys of record.

                                              By: /s/ Daniel M. Esrick