**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/2012

EASTMAN KODAK COMPANY, )
)
Plaintiff, )
)
v. )
)  Civil Action No. 1:12-cv-03109-DLC
RICOH COMPANY, LTD. )
)
Defendant. )
)

### [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the agreement of the parties and for good cause shown, the Court hereby ORDERS that:

1.  This Protective Order (the "Order") shall govern the disclosure and/or production of information, documents, and tangible things in connection with the above-captioned civil action ("the Action").  Any motion practice referenced herein may be replaced by the submission of letters to the Court if letters are the appropriate vehicle to bring a dispute hereunder to the Court's attention under the Court's rules and practices.

2.  Any document, interrogatory answer, deposition testimony, response to requests for admission or other information obtained through any means of pre-trial discovery, as well as any motion, brief, memoranda, letter, or other document generated for the purposes of the Action, or any portion of any of the foregoing, may be designated as described below by the entity or natural person (collectively, "person") producing it (the "producing party") if such person reasonably believes that such information contains confidential business information or is

-1-

proprietary information.  A producing party under this Order may be a named party to the action

("Party") or a nonparty producing documents, things, information, and testimony in connection

with the Action who agrees directly, or agrees through counsel, to be bound by the terms of this

Order.  For purposes of this Order, all current and subsequent Eastman Kodak Company

("Kodak") and Ricoh Company, Ltd. ("Ricoh") subsidiaries, including Pentax Ricoh Imaging

Company, Ltd. and its subsidiaries, shall be considered Parties to the Action.

     3.  Material designated for protection under this Order ("Protected Material") shall be

categorized by the producing party into one of the following two classifications:

    (a)    "CONFIDENTIAL"; or

    (b)    "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY".

[Kodak Proposal: By way of non-limiting example, the following Protected Material may

qualify for the "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" designation:  non-

public licensing information, financial information, non-public technical documents, and non-

public manufacturing and engineering information.] [Ricoh Proposal:  Materials that may be

designated "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" shall contain or constitute

highly sensitive business and/or proprietary information of third-parties, the disclosure of which

will cause competitive business harm to those third parties.  Such documents may include:

specific license agreements between Kodak and third-party digital camera manufacturers who

are competitors of Ricoh and/or Pentax in the digital camera business, and the negotiation files

and communications about those agreements.] Any other Protected Material that has not been

designated as "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" but that the producing

party considers to be confidential may be designated as "CONFIDENTIAL".  The words above

in quotation marks, or similar language, shall be placed clearly on each such page or portion of

-2-

the Protected Material designated for protection.  In lieu of marking the original of a document, if the original is not produced, the producing party may mark the copies that are exchanged or produced.  If any Protected Material is inadvertently produced without such mark, such material does not lose its protected status.  Rather, the producing party will provide written notice to the receiving party that the information or documents shall be treated as if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" under this Order, and the producing party will promptly thereafter furnish to the receiving party a substitute set of documents bearing the correct mark, and the receiving party will return or destroy the original set and any copies of the original set.

       4.  Discovery of nonparties in the Action may involve receipt of information, documents, things, or testimony that includes or contains that nonparties' "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" materials or information.  A nonparty producing such materials or information in this case may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" some or all of the materials and information it produces in the same manner provided for in this Protective Order with respect to materials and information produced by or on behalf of the Parties.  Any Party may also designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" that portion of any materials or information produced by a nonparty that constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" materials or information of the designating Party pursuant to this Protective Order, regardless of whether the producing nonparty has also so designated.  The designation providing for the greater level of protection for the materials or information shall control.  Nonparty materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" by a nonparty or Party shall be

-3-

governed by the terms of this Protective Order, receiving the same protections from disclosure

and rights under this Order as the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-TRIAL

COUNSEL ONLY" materials of the Parties.

     5.   Protected Material classified "CONFIDENTIAL" under Paragraph 3(a) above

may be disclosed only to the following persons, except upon (i) the prior written consent of the

producing party or further order of this Court and (ii) prior to disclosure, execution of the

Agreement to be Bound in the form annexed hereto as Exhibit A:

    (a)    Outside counsel for the Parties, and their partners, associates, paralegals, secretaries and employees, as well as any administrative staff retained by such counsel, such as outside translators, contract attorneys, or service providers for copying, graphics, design, and computer and electronic production;

    (b)    To the extent necessary for the conduct of this Action, up to fifteen (15) employees, officers, and/or directors for Ricoh and up to fifteen (15) employees, officers, and/or directors for Kodak, each of whom shall be identified in writing to the other party.  After the issuance of the Order, either party may substitute or change the identified individuals by providing written notice to the other party.

    (c)    Trial consultants (including jury consultants) and experts (testifying and non-testifying), including the support staff and associates of such consultants and experts, provided that Paragraph 11 is complied with, but only if each such person (i) is not a direct shareholder, officer, director, employee, agent, attorney, or other representative of a Party, (ii) is not a direct business competitor of a Party (including a current officer, director, employee, agent, attorney, or other representative thereof), and (iii) is not currently advising any direct business competitor of a Party concerning the digital camera or digital imaging business of that competitor;

    (d)    Deponents noticed or subpoenaed by the Parties, if the deponent is an author or recipient of the Protected Material, the deponent was previously granted access to or had knowledge of the Protected Material (as demonstrated by the Protected Material itself, by other documents or tangible things, or by testimony), or the producing party consents to disclosure;

-4-

ActiveUS 102701135v.2

(e)     Individual outside counsel for noticed and/or subpoenaed deponents who qualify under Paragraph 5(d), provided that each outside counsel for a qualifying deponent sign and then serve on the outside counsel for each Party, an Agreement to be Bound by the Protective Order in the form attached hereto as Exhibit A; and

(f)     The Court and its staff, and deposition and trial court reporters, videographers, and translators.

6.   Protected Material classified "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" under Paragraph 3(b) hereof may be disclosed only to those persons enumerated in Paragraphs 5(a), 5(c), 5(d), 5(e), and 5(f) hereof.

7.   A producing party classifying material as Protected Material under Paragraph 3(b) shall do so only upon a good faith belief that classification under Paragraph 3(a) would, in its opinion, cause competitive injury or damage to the producing party or to a person identified by name or category.

8.   Information disclosed orally at a deposition shall be automatically designated as "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" for a period of twenty (20) days from the date that the final deposition transcript becomes available.  Thereafter, the information contained in the deposition transcript will no longer be deemed "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" unless: (1) in a writing sent to counsel for the receiving party before the expiration of the twenty-day period, counsel for the producing party claims in good faith that the deposition transcript (or a specified portion of it) should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY"; or (2) at the deposition, counsel for the producing party stated on the record that the entire deposition transcript, or certain portions thereof, contains information that should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY."  Without

-5-

further order of this Court, the Parties may modify the procedures of this Paragraph for any

particular deposition (i) by an agreement in writing before such deposition or (ii) on the record at

such deposition.

9. Each page of each document produced (or in the case of native files, each file

produced) in discovery shall, to the extent practicable, bear a prefix identifying the producing

party and a unique identifying number.  Likewise, each discrete unit of each tangible item

produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing

party and a unique identifying number.

10. Any Protected Material that is disclosed and/or produced in connection with this

Action shall be maintained in strict confidence by the receiving party, keeping such materials in

a secure area, taking all reasonable measures to ensure the continued confidentiality of such

materials, and exercising at least the same standard of care with respect to the storage, custody,

use, and/or dissemination of such materials as is exercised for the receiving party's own

confidential, competitively sensitive information; shall be used solely in connection with this

Action, subject to any contrary agreement with the producing party or any further order of this

Court; and shall not be disclosed to, or used by, any person except as permitted by this Order.

For documents and tangible things, these restrictions shall apply to the documents and tangible

things themselves as well as any information contained therein.

11. If any receiving party desires to give, show, make available or communicate

Protected Material of the producing party to any independent expert or trial consultant ("expert")

pursuant to Paragraph 5(c) above, the expert must execute an Agreement To Be Bound By The

Protective Order in the form attached hereto as Exhibit A and provide a curriculum vitae that, in

good faith, attempts to identify at least all other present and prior employments and consultancies

-6-

of the expert.  Copies of the expert's signed Agreement To Be Bound By The Protective Order

and curriculum vitae shall be forwarded promptly to counsel for the producing party.  The

producing party shall have five (5) business days from receipt of such notice to object in writing

to disclosure of Protected Material to any of the experts so identified, setting forth the reason(s)

for the objection.  The parties shall attempt to resolve any objections informally.  If the

objections cannot be resolved, the party objecting to the disclosure of Protected Material to the

expert must, if it desires to prevent disclosure, move for Order of the Court prohibiting such

disclosure.  The party objecting to the disclosure shall move the Court for this relief within

five (5) business days from the time the parties reach an impasse and are unable to resolve the

objections informally.  During the pendency of any such dispute or motion, the receiving party

shall not disclose Protected Material to the disputed expert.

12. Protected Material may be used, relied upon, and referred to in any testimony or

other evidence presented at any hearing or deposition conducted in connection with the Action,

so long as the person presenting such testimony or evidence is authorized to have access to such

information under the terms of this Order, and subject to any further order of this Court

regarding confidentiality.  The parties shall attempt to resolve any objections to the use of

Protected Material at trial prior to the pretrial conference.

13. The parties shall follow Rule 5.2 of the Federal Rules of Civil Procedure, the

Electronic Case Rules and Instructions of the Southern District of New York, and Section 4(A)

of the Court's Individual Practices when filing documents containing properly designated

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" information.

14. This Order shall not limit a party's examination, at a hearing or at a deposition, of

a person who is not authorized to receive Protected Material of a producing party under the terms

-7-

of this Order, so long as (i) such person is a current employee, attorney, agent, business consultant, director, or officer of the producing party or (ii) such examination concerns Protected Material that the witness authored, received, or previously had access to or knowledge of, as demonstrated by the Protected Material itself, by other documents or things, or by testimony during a deposition or hearing.  This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored, received, or previously had access to or knowledge of any Protected Material.  Regardless of any designation of Protected Material pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Order.

15. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a client or, in the course thereof, relying upon his or her knowledge of Protected Material; provided, however, that in rendering such advice the attorney shall not disclose Protected Material.

16. If at any time a receiving party disagrees with or objects to the designation(s) by the producing party of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY," the receiving party's counsel shall: (a) advise counsel for the producing party in writing of the objection(s); (b) identify the document(s) or material that is objected to with sufficient specificity to permit the producing party to identify it; and (c) request with specificity how each identified designation should be modified or withdrawn, setting forth in reasonable detail the bases for the objection.  Within ten (10) days of receiving this written

-8-

objection, the producing party shall advise whether the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY" designation will be maintained, removed, or changed, specifying in reasonable detail the bases for the designation of the materials.  The parties shall attempt to resolve any disagreements about designations in good faith before presenting them to the Court.  If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion filed by the receiving party, each party consenting to an expedited hearing if one is necessary.  On any such application, the producing party shall bear the burden of showing good cause for designating the document(s) or materials in question as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY".  During the pendency of any such dispute, the designated materials shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY," subject to the provisions of this Protective Order.

17.   The inadvertent or unintentional disclosure by a producing party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY" materials during the course of the Action shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Promptly upon discovery of inadvertent or unintentional disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY" materials, the producing party may notify the receiving party in writing that such documents or information were produced without the appropriate designation.  The receiving party shall immediately treat the disclosed document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY" upon receipt of such written notice.  To the extent that the receiving party has already

-9-

disclosed such information, such disclosure shall not be a violation of this Protective Order, but the receiving party shall make its reasonable best effort to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy them and verify such destruction in writing or return them to the producing party. After making its best reasonable efforts to return or destroy such materials, a receiving party may challenge the designation of the materials as Protected Materials, which challenge shall be made without regard to the fact that any such materials have been re-designated or were produced initially without being designated as Protected Material. If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information or data from such returned or destroyed materials has been used in any other document generated in connection with the Action, to the extent reasonably possible, the data or information shall be expunged or destroyed. Should any Protected Material be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall: (a) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; (b) use its best efforts to obtain the prompt return of any such information; and (c) seek to bind such person to the terms of this Order by requesting such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. If the undertaking is not executed, counsel for the receiving party must notify counsel for the producing party within three (3) business days of learning that the undertaking was not executed. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

-10-

ActiveUS 102701135v.2

18. Nothing in this Order shall be construed to require disclosure of information, documents, or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.  A producing party may produce a redacted version of information, documents, or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "REDACTED-PRIVILEGED," "RP," or another suitable designation.

19. The Parties recognize that due to the anticipated volume of relevant documents, there is a risk of inadvertent disclosure of privileged information.  If a producing party inadvertently or mistakenly produces information, documents, or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or other privilege or immunity from production, including any information conveyed due to an incomplete redaction pursuant to Paragraph 18 above, such production shall not presumptively prejudice such claim or otherwise constitute a waiver of any claim of such a privilege or immunity for such information or related subject-matter or any other right under the Federal Rules of Civil Procedure and Evidence to which the producing party would have otherwise been entitled.  On discovery of the inadvertent or mistaken disclosure, the producing party must make a good-faith representation in writing to the receiving party that such production was inadvertent or mistaken and request the return or destruction of the documents or tangible items constituting such inadvertently or mistakenly produced materials.  Within five (5) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party, or destroy and certify such destruction in writing, the

-11-

materials that the producing party represents are (a) covered by a claim of attorney-client privilege, work product immunity, or other applicable privilege or immunity and (b) were inadvertently or mistakenly produced. The receiving party shall also make its best efforts to permanently delete any such materials from any electronic storage medium and email and destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. Likewise, if any such materials have been used in any other document generated in connection with the Action, to the extent reasonably possible, the materials shall be expunged or destroyed. The receiving party shall not further use such materials for any purpose until further order of this Court. This Paragraph, however, shall not preclude the receiving party returning such information from making a motion to compel production of the returned information, but such motion shall not assert as a ground for entering such an order the fact of the inadvertent or mistaken disclosure. The producing party shall retain copies of all returned documents and tangible items for further disposition and, if requested by the Court, shall provide copies to the Court of the documents, item, or information that are the subject of any motion for in camera review.

20. If the discovery process calls for the production of information, documents or tangible items that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the producing party shall give written notice to the third party that its information is subject to discovery in this Action and shall provide the third party with a copy of this Order. At the same time such written notice is given to the third party, the producing party shall advise the putative receiving party of: (a) the fact that such notice has been given; (b) the type of information being withheld; and, to the extent permitted by the agreement with the third party, (c) the name of the third party. The requested

-12-

information shall be produced ten (10) business days after the date that the above notice is given

unless the third party moves, within that ten (10) day period, for a protective order from the

Court preventing such production, in whole or part.

21. If any receiving Party or nonparty receives a subpoena, other compulsory process

seeking disclosure, or document request from a third party (collectively, "subpoena") that

purports to require the production of materials in that Party's or non-party's possession that have

previously been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL

COUNSEL ONLY" in the Action by any other Party or nonparty, the Party or nonparty receiving

such subpoena shall:  (a) immediately notify the producing Party or nonparty who designated the

materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY"

of the receipt of said subpoena in writing, providing a copy of the subpoena; (b) provided that,

within ten (10) days after such notification, the producing Party or nonparty moves to quash the

subpoena, seeks a protective order limiting discovery of such materials, or otherwise opposes

production under the subpoena, object and refuse to produce documents and things absent a

Court Order or the consent of the producing Party or nonparty that designated the materials as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY"; and (c) not

oppose any effort by the producing Party or nonparty that designated the material as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-TRIAL COUNSEL ONLY" to quash the

subpoena, obtain a protective order limiting discovery of such material, or otherwise oppose

production under the subpoena.  In no event shall disclosure pursuant to such subpoena be made

before the eleventh (11th) business day after providing the notice given in this Paragraph, unless

the producing party consents in writing to such disclosure or a court orders such disclosure.

22. The restrictions and obligations set forth in this Order relating to Protected

-13-

Material shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) has come or hereafter comes into the receiving party's legitimate possession without any confidentiality restrictions and independently of the producing party.  The restrictions and obligations set forth in this Order shall not prohibit discussions with any person regarding any Protected Material if said person already has legitimate possession of such material.

23. In the event that a receiving party desires to provide access to Protected Material to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the producing party, stating the materials to be disclosed, the person(s) to whom disclosure is to be made, the extent of disclosure required, and the basis for disclosure.  If the producing party refuses to enter into such an agreement within five (5) business days, the receiving party may move the Court for an order that such person be given access to the Protected Material.  No disclosure shall be made unless and until approval is obtained from the producing party or the Court orders such disclosure.  In the event that the motion is granted or the producing party agrees to the requested disclosure, such person may have access to Protected Material after forwarding to counsel for the producing party the person's curriculum vitae, or alternative identifying information that satisfies the producing party, and a signed Agreement To Be Bound By the Protective Order in the form attached hereto as Exhibit A, or under such other conditions as the parties to this Action may agree or this Court may order.  This Order contemplates reasonable cooperation among the Parties and any producing nonparty with respect to requests for disclosure; approval will not be withheld without a reasonable basis.

-14-

24. The parties agree that they will not seek the production of drafts of expert reports or notes taken by experts retained to testify in the Action. Nor will the parties seek the production of documents relating to or constituting communications between such experts and counsel, including email communications, except as provided by Rule 26(b)(4) of the F.R.C.P. The parties further agree not to inquire at deposition or trial as to the contents of drafts of expert reports, or an expert's notes pertaining thereto. In addition, the parties agree not to inquire at deposition or trial as to the expert's communications, written or oral, with counsel, except to the extent allowed by Rule 26(b)(4). The parties will, however, produce copies of any documents referenced or cited by the party's expert(s) in his or her expert report(s). Finally, nothing in this Paragraph is intended to restrict the parties' ability to inquire into the basis of any of the opinions expressed by any expert in his or her report(s) and during any deposition, hearing, or trial, including the manner by which such opinions were reached, and information considered in reaching such opinions.

25. This Order shall not prevent any Party or nonparty from applying to the Court for further or additional protective orders.

26. This Order, and the obligations and rights of parties under this Order, shall survive the termination of this Action.

27. After final termination of this Action, including any appeals, counsel for the Parties may each retain one paper copy and one electronic copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, other submissions to the Court, papers served on opposing counsel, correspondence with counsel for any Parties or nonparties in connection with the Action, and its work-product, including any Protected Material contained in any of the foregoing. Within sixty (60) days after final termination of this Action, including any

-15-

appeals, all additional Protected Material of a producing party in the possession, custody or control of a receiving party - or in the possession, custody or control of any person allowed access to such information under Paragraph 5, 6, or 23 of this Order - must either be: (a) returned to counsel for the producing party, who shall acknowledge such return in writing; or (b) destroyed and such destruction certified in writing to counsel for the producing party.

28. Agreeing to this Order, producing or receiving materials under this Order, and/or otherwise complying with this Order, shall not:

a.  prejudice in any way the rights of any Party or nonparty to object to the production of documents it considers not subject to discovery in the Action;

b.  prejudice in any way the rights of any Party or nonparty to object to the authenticity or admissibility into evidence of any document or thing covered under the terms of this Order;

c.  prejudice in any way the rights of any Party or nonparty to seek a Court determination whether such materials should be subject to the terms of the Order; or

d.  otherwise affect the parties' respective rights concerning discovery and applicable privileges and immunities against disclosure.

29. This Order has no effect upon, and shall not apply to, a producing party's use of its own Protected Materials.  Nothing contained in this Order shall preclude a producing party from using its own Protected Materials in any manner it sees fit, or from revealing such materials to whomever it chooses, without the prior written consent of any other party or of this Court.

30. Each person, including any Party or producing nonparty, who receives or produces any Protected Materials in accordance with any provision of this Order, agrees to be subject to the jurisdiction of the Court for the purposes of any proceedings relating to

-16-

performance under, compliance with, or violation of this Order.

31. Nothing in this Order shall prohibit the transmission or communications of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" between or among those afforded access to it pursuant to this Order:  (a) via hand-delivery; (b) via face-to-face conference; (c) in sealed envelopes or containers via the mail or an established freight, delivery, or messenger service; or (d) by e-mail, telephone, facsimile, or other electronic transmission system or service.

32. The provisions of this Protective Order may be modified at any time by stipulation of the Parties, at the discretion of, and as approved by order of, the Court.  In addition, a Party may at any time move the Court to modify this Protective Order, in accordance with the rules of the Court.

**IT IS SO ORDERED**.

This 7th day of November, 2012.

_____
Honorable Denise L. Cote
United States District Judge

-17-

ActiveUS 102701135v.2

We hereby consent to the form and entry of the foregoing Order.

For Plaintiff Eastman Kodak Company:

/s/ Daniel M. Esrick
Robert J. Gunther, Jr.
WilmerHale LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
robert.gunther@wilmerhale.com

Michael J. Summersgill
Daniel M. Esrick
Marissa A. Lalli
WilmerHale LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Dated:  November 5, 2012

For Defendant Ricoh Company, Ltd.:

/s/ Jayson L. Cohen
Patricia A. Martone
Jayson L. Cohen
Jared G. Taylor
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000
PMartone@mofo.com
JCohen@mofo.com
JarodTaylor@mofo.com

A. Max Olson
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
5-1, Marunouchi 1-Chome
Chiyoda-ku, Tokyo 100-6529
Japan
Telephone:  011-81-3-3214-6522
Facsimile:  011-81-3-3214-6512
AOlson@mofo.com

Dated:  November 5, 2012