USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/12

WILMERHALE

November 16, 2012

**By E-mail**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

**MEMO ENDORSED**

**Michael J. Summersgill**

+1 617 526 6261(t)
+1 617 526 5000(f)
michael.summersgill@wilmerhale.com

RECEIVED
NOV 16 2012
CHAMBERS OF
DENISE COTE

Re:  *Eastman Kodak Company v. Ricoh Company, Ltd.*, 12-cv-3109 (DLC)

Dear Judge Cote:

Eastman Kodak Company ("Kodak") respectfully submits this letter in opposition to Ricoh's November 15, 2012 letter.  Kodak submits that both parties should be required to produce their documents in TIFF instead of native format for three reasons.

*First,* production of documents in TIFF format allows individual page numbers to be effectively Bates numbered and redacted while production of documents in native format does not.  *See Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 356-57 (S.D.N.Y. 2008) (stating "native form is difficult to redact or 'Bates' number . . . By comparison, a production in static image form, such as tiff or PDF, can be Bates numbered and redacted"); *In re Zyprexa Prods. Liab. Litig.*, No. MDL 1596, 2004 WL 3520246, at *1 (E.D.N.Y. July 22, 2004) (ordering the production of native electronic documents in TIFF image and Bates numbering on each page of a produced document).  Bates numbering is critical for the efficient prosecution of discovery.  Among other reasons, it allows the parties to identify – e.g. during depositions, document review, and meet and confer discussions – particular pages of particular versions of documents with no ambiguity. Eliminating the ability to bates number individual document pages, particularly where multiple versions or drafts of documents may be produced, would result in inefficiency and confusion.

*Second,* documents produced in TIFF format are far more secure than those produced in native format.  Documents produced in native format are susceptible to alteration (inadvertent or otherwise).  *See In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 88, 91 (D. Conn. 2005) ("Given the sheer volume of information flowing from defendants to plaintiffs, the information should be conveyed as numbered images so that no inadvertent alterations are made, or more likely, no accusations of alteration can be made, and so that the information can be easily identified.").

*Third,* Ricoh's complaints regarding cost are significantly overstated.  Producing in TIFF format is more expensive than producing in native format because it requires some additional processing.  But our experience is that such processing costs approximately twice as much – approximately a ten thousand dollar difference given Ricoh's assertions regarding the size of its production – not nine to ten times more expensive. In any event, any savings by producing in

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

The Honorable Denise L. Cote
November 16, 2012
Page 2

native format would be quickly eliminated by the greater cost resulting from inefficiencies associated with native production. Moreover, Ricoh's suggestion that Kodak somehow is attempting to impose additional cost on Ricoh that it is unwilling to bear itself is incorrect – Kodak has consistently agreed to produce its documents in TIFF format.

It is for these reasons that it has become the norm to make document productions in complex litigations in a static format such as the TIFF format. *See, e.g.*, *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. at 91. Indeed, in another Kodak litigation in which Morrison Foerster represents the defendant (*Eastman Kodak Company v. Kyocera*, W.D.N.Y. C.A., No. 6:10-cv-6334), Morrison Foerster produced its client's documents in TIFF format without any objection. Kodak respectfully submits that there is no reason to depart from that standard here. [1]

Respectfully submitted,

Michael J. Summersgill

*The parties shall produce in TIFF format absent agreement to do otherwise.*

*Denise Cote*
*Nov. 19, 2012*

cc: Robert J. Gunther, Jr.
    Daniel M. Esrick
    Patricia A. Martone
    Jayson L. Cohen
    A. Max Olson

---

[1] Kodak has agreed that in certain limited circumstances—such as in the case of unwieldy and very lengthy excel spreadsheets—documents may be produced in native format as necessary.