

March 19, 2013

**By E-mail**

# WilmerHale

Jordan L. Hirsch

+1 617 526 6330(t)
+1 617 526 5000(f)
jordan.hirsch@wilmerhale.com

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 10-40
New York, NY 10007-1312



Re:  *Eastman Kodak Co. v. Ricoh Co., Ltd.*, 1:12-cv-03109-DLC-GWG (S.D.N.Y.)

Dear Judge Cote:

Eastman Kodak Company ("Kodak") respectfully submits this response to Ricoh Company, Ltd.'s ("Ricoh's") March 13, 2013 letter seeking to compel a three-day deposition of Kodak witness and Rochester, NY resident Michael Pagano in New York City.

Ricoh's allegation that Kodak has not made Mr. Pagano available for deposition is incorrect. Kodak attempted to rearrange the deposition schedule *four times* to accommodate the preferences of Ricoh's attorneys:

- On February 11, Kodak offered April 24 for Mr. Pagano's deposition. Ricoh refused and demanded an earlier date.

- In an effort to accommodate Ricoh's request for an earlier date, Mr. Pagano agreed to be available April 4-5 at a time when he had planned to be on vacation. Ricoh refused again and demanded an earlier date.

- On March 1, Kodak offered Mr. Pagano for March 26 – 27 in Rochester. Ricoh again refused.

- Finally, on March 6, Kodak offered March 27 and 28 in Rochester. Ricoh refused again and now demands three days of deposition and insists that the deposition occur in New York City so that its attorneys do not have to travel.

Ricoh's assertion that it "does not have the flexibility" to take Mr. Pagano's deposition on any of the dates Kodak has offered shows only that it is placing more importance on attorney convenience than witness availability. Kodak has provided four sets of dates for Ricoh to choose from, and there is still a month before the end of fact discovery. That is more than enough time for one of the many attorneys on Ricoh's team to take the deposition.

Ricoh's demand that the deposition occur in New York City instead of Rochester where Mr. Pagano resides and works is similarly misplaced. As an initial matter, Ricoh subpoenaed Mr. Pagano in his personal capacity in the Western District of New York and noticed his deposition at a *Rochester* location. In any event, as this Court has indicated in this case, witness availability takes precedence

WILMERHALE

Honorable Denise L. Cote
March 19, 2013
Page 2

over attorney convenience. Indeed, Ricoh forced Kodak's attorneys to travel to Japan multiple times to depose Ricoh's witnesses over the course of five weeks. Having done so, Ricoh cannot now complain about the one hour flight from New York to Rochester.

Finally, Ricoh's demand to depose Mr. Pagano for three full days—instead of the two that Kodak has offered—is not reasonable. The standard rule is that a deposition is limited to seven hours of testimony time. *See* Fed. R. Civ. P. 30(d)(1); *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007) ("the seven-hour limit was carefully chosen and [] extensions of that limit should be the exception, not the rule"). This is the case even if a witness will testify as a 30(b)(6) representative and in his personal capacity. *See San Francisco Bay Area Rapid Transit Dist. V. Spencer*, No. C 04-04632, 2006 WL 2734289, at *1 (N.D.Cal. 2006) ("Deponents are entitled to the presumption that their testimony will be limited to seven-hours *even if they are testifying both individually and as corporate designee under Rule 30(b)(6)*." (emphasis added)). Kodak has agreed to make Mr. Pagano available for fourteen hours—double the seven hour standard—to account for the fact the he is designated to testify on multiple 30(b)(6) topics in addition to testifying in his personal capacity.

Fourteen hours of testimony time is more than sufficient for Ricoh to cover the topics for which Mr. Pagano has been designated. Mr. Pagano was not involved in the negotiation of the PLA and is not designated to cover any topics relating to the terms or negotiation of the agreement. He is designated to cover other topics that, because of significant duplication in Ricoh's 30(b)(6) notice, fall into just five categories: (i) Kodak's communications and relationship with Pentax (topics 8, 9, 10, 11, 12, 13, 14, 15, 16, 21, 22, 23, and 24); (ii) Kodak's relationship with a licensing company called ATLC (topic 6); (iii) the royalty dispute with Ricoh (topics 7, 25); (iv) Kodak's ImageLink program (topics 18, 19, 20); and (v) document collection (topics 26 and 27).

Indeed, the fourteen hours that Kodak offered for Mr. Pagano is significantly more time than Ricoh provided for any of its witnesses. Ricoh's 30(b)(6) witnesses—who, like Mr. Pagano, were designated to cover many topics—were available for only two 9:00am-to-4:00pm days. And each of Ricoh's witnesses, unlike Mr. Pagano, required a translator. As a result, Kodak has effectively offered to make Mr. Pagano available for more than *double* the amount of time that any of Ricoh's witnesses were made available.

Respectfully submitted,

/s/ Jordan L. Hirsch
Jordan L. Hirsch

*[Handwritten note:]* The Pagano deposition will proceed in New York for two consecutive 7-hour days. The deposition will occur on March 27 and 28 unless the parties agree to other dates. /s/ Denise Cote 3/20/13

ActiveUS 107282768v.1