**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

MAR 15 2013

March 13, 2013

Via E-Mail and Hand Delivery

Writer's Direct Contact
212.468.8013
PMartone@mofo.com

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Eastman Kodak Co. v. Ricoh Co., Ltd.*, 1:12-cv-03109-DLC-GWG (S.D.N.Y.)

Dear Judge Cote:

    I write on behalf of Ricoh Company, Ltd. ("Ricoh") regarding Eastman Kodak Company's ("Kodak's") failure to provide a 30(b)(6) witness at a reasonable time and place and for a reasonable duration, for more than twenty topics from a notice served on November 1, 2012. (See Ex. 1, 11/1/12 Ricoh First Not. of 30(b)(6) Dep.) Kodak designated Michael Pagano for these topics.[1] After dragging its feet for three months, while simultaneously demanding the immediate scheduling of Kodak's depositions of Ricoh's witnesses, Kodak finally provided dates for Ricoh's deposition: April 24-26, *the last three days of the fact discovery period.* (2/11/13 email from D. Esrick to J. Cohen.) Obviously, Ricoh found it unreasonable to wait six months for a key deposition, and to be given a date that prevented Ricoh from seeking any follow-up discovery. After extensive meet-and-confers to find a reasonable solution, it is plain that Ricoh cannot obtain a reasonable deposition without a Court order. Ricoh seeks an order that Kodak produce a 30(b)(6) witness on the above topics for deposition in Morrison & Foerster's New York office for three days of deposition before March 29. The deposition will not extend beyond seven record hours on any day, and hopefully will end early on the third day.

    When Ricoh complained about the April 24-26 date, Kodak agreed that the proposed dates were unreasonable. (2/11/13 email from J. Cohen to D. Esrick.) Kodak next proposed April 4-5, which overlaps with a date that Ricoh has agreed to make one of its Japanese corporate representatives available to testify in New York. (2/27/13 email from M. Lalli to J. Cohen.) On the same day, Kodak added more topics to Pagano's plate. (See Ex. 4, 2/27/13 letter from J. Hirsch to P. Martone at 2.) At a meet and confer on Friday, March 1, Ricoh verbally proposed a schedule for a full of week of depositions in Rochester, with the 30(b)(6)

---

[1] Ex. 2, 12/12/12 Kodak Obj. & Resp. to Ricoh's 30(b)(6) Notice (19 of 27 topics); Ex. 3, 2/14/13 letter from D. Esrick to J. Taylor at 2 (topic 8); Ex. 4, 2/27/13 letter from J. Hirsch to P. Martone at 2 (topics 1-4 for the period since Kodak's originally designated 30(b)(6) witness left Kodak; i.e., since 2005).

ny-1082054

MORRISON | FOERSTER

Honorable Denise L. Cote
March 13, 2013
Page Two

deposition scheduled for March 19-21. Kodak countered with March 26-27 in Rochester, overlapping with both the parties' scheduled mediation in New York (March 27) and the first night of Passover. (3/1/13 email from J. Hirsch to P. Martone.) Ricoh replied that it simply could not go to Rochester that week because of the Passover holiday, the March 27 mediation, and the preceding client meeting on the 26th. But Ricoh agreed to accommodate Kodak if the deposition could proceed in New York City and if Kodak would agree to provide a longer day on one of the two days. (3/1/13 email from P. Martone to J. Hirsch.) Kodak rejected that offer. (3/6/2013 letter from J. Hirsch to P. Martone.)

Kodak now proposes March 27-28, in Rochester, again overlapping with the mediation in New York City. (Id.) Kodak also now insists that it will not make Mr. Pagano available for more than fourteen hours despite that (1) Kodak originally agreed that he would be available for three days; (2) Ricoh already has made available seven 30(b)(6) witnesses who have provided eleven days of translated testimony; (3) Ricoh never told Kodak that Kodak's questioning of any 30(b)(6) witness was limited to two days; and (4) Ricoh has not even come close to using the agreed-to 91 hours of deposition testimony. Ricoh will proceed as expeditiously as possible but cannot agree in advance that it will be able to complete all of its questioning within fourteen hours.

Kodak chose to file this action in New York City, instead of Rochester, and cannot now refuse to make its key 30(b)(6) witness available to testify here. See, e.g., Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939 (S.D.N.Y. 1984) (noting "long enunciated" policy of requiring non-resident plaintiff to appear in this forum). Further, Ricoh's counsel and at least one counsel of record for Kodak (Robert Gunther, Jr.) are based in New York. None are based in Rochester. Both law firms of record have offices in New York. Neither has an office in Rochester.

At this point, Ricoh does not have the flexibility to take this deposition in Rochester. Too much time has been expended in fruitless negotiation, as Kodak runs the discovery clock. The documents, which are voluminous, are located in Morrison & Foerster's office in New York. Moreover, this is the only deposition, corporate or individual, that Ricoh has insisted take place in New York. Further, Ricoh is materially prejudiced if it is limited to two days to cover 24 topics. The parties agreed to an hours limit for depositions specifically to avoid a dispute like this. Finally, this key deposition should not be driven by Mr. Pagano's very limited availability, which Kodak has been using as an excuse. Kodak can choose another witness, and Ricoh can depose Mr. Pagano as an individual in Rochester in April. Ricoh respectfully requests that the Court grant Ricoh the relief requested herein.

ny-1082054

MORRISON | FOERSTER

Honorable Denise L. Cote
March 13, 2013
Page Three

Respectfully submitted,

*Patricia A. Martone*
Patricia A. Martone
Counsel for Ricoh Company, Ltd.

Enclosures

cc:   All Counsel of Record

ny-1082054