

| | 1290 AVENUE OF THE AMERICAS | MORRISON & FOERSTER LLP |
|---|---|---|
| **MORRISON | FOERSTER** | NEW YORK, NY 10104-0050 | NEW YORK, SAN FRANCISCO, LOS ANGELES, PALO ALTO, SACRAMENTO, SAN DIEGO, DENVER, NORTHERN VIRGINIA, WASHINGTON, D.C. |
| | TELEPHONE: 212.468.8000 | |
| | FACSIMILE: 212.468.7900 | |
| | WWW.MOFO.COM | TOKYO, LONDON, BRUSSELS, BEIJING, SHANGHAI, HONG KONG, SINGAPORE |



April 4, 2013

Writer's Direct Contact
212.336.4092
KMooney@mofo.com

BY EMAIL AND BY HAND

The Honorable Denise L. Cote
United States District Judge
United States District Court
   Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re:   *Eastman Kodak Co. v. Ricoh Co., Ltd.*,
         1:12-cv-03109-DLC-GWG (S.D.N.Y.)

Dear Judge Cote:

   We are writing on behalf of Ricoh Company, Ltd. ("Ricoh") regarding Eastman Kodak Company's ("Kodak's") refusal to produce Noah Doolittle for deposition before the last day of fact discovery, April 26. The parties corresponded and met and conferred about this issue, but have been unable to resolve their dispute.

   Kodak identified Mr. Doolittle as knowledgeable about a subject matter central to the claims and defenses in this action, i.e., "Kodak's communications and business and legal strategies developed in relation to Ricoh's acquisition of Pentax." (Ex. A at 3.) Ricoh, therefore, served a deposition notice for Mr. Doolittle on January 9. (Ex. B.) Ricoh noticed the deposition for March 14, but agreed to work with Kodak to confirm a mutually-agreeable date. Just a few days later, Ricoh engaged Kodak and began to work out a deposition schedule for Kodak's witnesses. On February 21, Kodak finally proposed a date for the deposition. Kodak proposed that Mr. Doolittle be deposed on April 26 — the last day of fact discovery, almost six weeks after the noticed date, and almost four months after Ricoh noticed the deposition.

   Ricoh promptly explained that this was too late. Kodak then offered to produce Mr. Doolittle in Rochester on March 26 — the second day of Passover and the day before the Court-ordered mediation in New York. Ricoh again explained that this was unacceptable and asked that Kodak propose a different date.

   Kodak promised to look into April dates for the deposition. Despite repeated requests by Ricoh, Kodak did not propose another date until March 29. Kodak reverted to its original offer and told Ricoh that Mr. Doolittle would be produced in Rochester on April 26. Kodak also told Ricoh that Mr. Doolittle would be their designee for Ricoh's Second Rule 30(b)(6)

ny-1084822

MORRISON | FOERSTER

Honorable Denise L. Cote
April 4, 2013
Page Two

Notice (Ex. C), apparently presuming that Ricoh would have to complete both depositions in a single day — the last day of discovery.

Ricoh seeks a fair and meaningful opportunity to complete these depositions, and to follow up on, and raise with the Court as necessary, any discovery issues that stem from Mr. Doolittle's testimony. To that end, Ricoh has proposed two solutions.

First, Ricoh asked Kodak to propose any date between April 13 and 21 for the deposition, including weekends, so that Ricoh would be left with at least five days to resolve any discovery disputes. Kodak rejected that offer and claimed that Mr. Doolittle was unavailable.

Second, Ricoh told Kodak that it was agreeable to proceeding on April 26 as long as Kodak agreed to join Ricoh in any needed action seeking the Court's permission, after the formal close of fact discovery, to present the Court any discovery disputes arising out of Mr. Doolittle's deposition. Ricoh did not seek a wholesale extension of discovery, and did not seek ask that Kodak agree to produce any additional discovery after the deposition — only that Kodak join Ricoh in any needed action to present a discovery dispute stemming from the deposition to this Court. Kodak rejected that offer. (4/3/13 email from S. Petty to J. Cohen.) Kodak did agree to produce "documents or information" that Mr. Doolittle testifies about "to the extent [they] are relevant and have not come up before." (4/3/13 email from S. Petty to J. Cohen.) Ricoh submits that this does not provide it the necessary assurance that Kodak will not oppose Ricoh raising with the Court after the close of fact discovery, as necessary, any discovery issue stemming from the deposition.[1]

Ricoh respectfully requests that the Court (1) order Kodak to produce Mr. Doolittle on a date of Kodak's choosing between April 13 and 21, or (2) allow Ricoh to bring any discovery dispute that arises out of Mr. Doolittle's April 26 deposition to the Court after the close of fact discovery but no later than May 3, 2013.

Respectfully submitted,

Kyle W.K. Mooney

Enclosure

cc: All Counsel of Record

---

[1] Mr. Doolittle, for example, is an attorney, and it is possible that the deposition will implicate disputed work product and privilege issues. (4/2/13 email from J. Cohen to S. Petty.)

ny-1084822