**MEMO ENDORSED**



**WILMERHALE**

April 5, 2013

**By E-mail**

**Jordan L. Hirsch**

+1 617 526 6330(t)
+1 617 526 5000(f)
jordan.hirsch@wilmerhale.com

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 10-40
New York, NY 10007-1312

Re: *Eastman Kodak Co. v. Ricoh Co., Ltd.*, 1:12-cv-03109-DLC-GWG (S.D.N.Y.)

Dear Judge Cote:

Eastman Kodak Company ("Kodak") respectfully submits this response to Ricoh Company, Ltd.'s ("Ricoh's") April 4, 2013 letter. Ricoh's letter mischaracterizes the dispute concerning Mr. Doolittle's April 26, 2013 deposition.

First, Ricoh complains about the date of Mr. Doolittle's deposition (April 26, 2013). Kodak initially offered Mr. Doolittle for deposition in March. Ricoh then requested a later date. (March 1, 2013 Email from J. Hirsch to P. Martone ("At your request, I indicated that I will check to see if Mike Pagano can be available on March 26 and 27 rather than April 4-5. If he is, I will look into alternative dates for Noah Doolittle in April.").) In any event, Ricoh has conceded that it is "agreeable to proceeding" with Mr. Doolittle's deposition on April 26.

Second, Ricoh's allegation that Kodak refuses to allow Ricoh an opportunity to follow up on relevant discovery issues that may arise during Mr. Doolittle's deposition is simply incorrect. In discovery correspondence and meet and confers, Ricoh demanded that Kodak provide a blanket agreement to join any motion that Ricoh might file to extend the fact discovery period following the deposition. Specifically, Ricoh insisted that Kodak "join [Ricoh] in *any action* needed to extend follow-up discovery after Mr. Doolittle's deposition beyond the fact discovery cut-off period." (Apr. 2, 2013 Email from J. Cohen to S. Petty (emphasis added); *see also* Apr. 1, 2013 Letter from P. Martone to J. Hirsch (demanding that Kodak agree to "join Ricoh in *any request* to the Court needed to allow the parties to conduct limited follow-up discovery in relation to Mr. Doolittle's testimony after the formal close of fact discovery on April 26") (emphasis added).)

Kodak, of course, could not pre-emptively agree to a blanket extension of the fact discovery period for an unspecified amount of time to address a discovery issue that had not yet arisen. But, recognizing that Mr. Doolittle's deposition was scheduled at the end of fact discovery, Kodak offered to provide Ricoh with any relevant documents or information that Mr. Doolittle testifies about and that had not yet been addressed in discovery. (Apr. 3, 2013 Email from S. Petty to J. Cohen ("To address Ricoh's concern, however, and as we discussed today, we can agree that if Mr. Doolittle testifies about specific documents that exist, or specific information that exists that Mr. Doolittle does not have, to the extent such documents or information are

**WILMERHALE**

Honorable Denise L. Cote
April 5, 2013
Page 2

relevant and have not come up before the deposition, WilmerHale will provide them to you and *will not rely on the end of the fact discovery period as a means to avoid production.*") (emphasis added).).  Ricoh never responded but instead filed its letter motion on April 4 without further explanation or discussion.

Ricoh is of course free to file a motion to compel after the Doolittle deposition to pursue any discovery issues that arise that the parties are unable to resolve.  But Ricoh should not be given blanket approval now to pursue unspecified discovery issues after the close of discovery.  Ricoh has waged a campaign of scorched-earth discovery in this straightforward breach of contract case – taking and/or noticing a total of 17 depositions, serving over 130 written discovery requests, and demanding broad and irrelevant discovery (including, for instance, documents relating to audits of third parties under totally separate license agreements) – while simultaneously refusing to provide even basic discovery to Kodak.  This latest attempt should be rejected.

We are available to discuss this issue in more detail if the Court would like further information.

Respectfully submitted,

*[signature]*

Jordan L. Hirsch

*[handwritten note:]* The deposition may occur on 4/26/13.

*[signature]* Denise Cote
4/15/13

ActiveUS 107634473v.1