

# WILMERHALE

June 13, 2013

Jordan L. Hirsch

+1 617 526 6330 (t)
+1 617 526 5000 (f)
jordan.hirsch@wilmerhale.com

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 10-40
New York, NY 10007-1312

Re: *Eastman Kodak Co. v. Ricoh Co., Ltd.*, 1:12-cv-03109-DLC-GWG (S.D.N.Y.)

*Any response to this request must be made by June 18, 2013.*

*Denise Cote*
*June 14, 2013*

Dear Judge Cote:

Eastman Kodak Company ("Kodak") respectfully submits this letter to request an order precluding Ricoh Company, Ltd. ("Ricoh") from submitting an expert report from proposed expert Carl Silverman on "licensing customs and practices." Mr. Silverman's proposed opinion is improper because: (1) it is ***two months late*** under the Court's Scheduling Order; and (2) it relates only to contract interpretation, which is a legal issue for the Court—not an expert—to resolve.

**Factual Background**

Kodak filed this case in April 2012, alleging that Ricoh breached the parties' Patent License Agreement ("PLA") by failing to pay royalties on digital cameras sold by Pentax when Ricoh acquired Pentax. Fact discovery closed in April 2013 and Kodak filed a motion for summary judgment on liability issues on May 22, 2013. (Dkt. 55.)

Under the Court's Scheduling Order, the parties were required to submit opening expert reports (on issues for which they bore the burden of proof) by May 17, 2013 and rebuttal reports by June 7, 2013. For more than a year, the only issues that either Kodak or Ricoh identified for expert discovery were: (1) the technical functionality of Pentax's digital cameras (which relates to the specific Pentax cameras that are licensed under the PLA); and (2) damages (*i.e.* the specific amount of royalties that Ricoh owes Kodak for Pentax's sales of licensed digital cameras). Accordingly, on May 17, 2013, Kodak submitted opening expert reports on the functionality of Pentax's digital cameras and damages. Ricoh did not submit any opening reports. Indeed, the only experts that Ricoh had disclosed as of the May 17 deadline for opening reports were a technical expert to rebut Kodak's technical report and a damages expert to rebut Kodak's damages report.

A week after Kodak submitted its opening reports, Ricoh retained new counsel. Ricoh's new counsel then requested additional time *to respond to Kodak's reports*. Kodak agreed. On May 28, 2013, the parties submitted a stipulation extending Ricoh's deadline to July 8, 2013 for rebuttal reports and extending the deadline for expert depositions from June 28 to July 29, 2013. (Dkt. 65.) During the parties' discussions regarding the stipulation, Ricoh did not identify any additional experts or indicate any intention to submit a new opening report on an issue that Kodak's experts had not addressed. The Court entered this stipulation on May 29, 2013. (*Id.*)

Then, on June 6, 2013, without any discussion, Ricoh disclosed a new expert—Carl Silverman—to

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

June 13, 2013
Page 2

WILMERHALE

offer an opinion on an entirely new issue that neither of Kodak's experts had addressed in their opening reports. Ricoh asserted that Mr. Silverman, a licensing attorney, may offer an opinion regarding "licensing customs and practices." Kodak objected to Mr. Silverman's proposed testimony on June 8. Kodak and Ricoh met and conferred on June 13 but were unable to resolve this dispute.[1]

### Argument

Ricoh should not be permitted to submit an opening "licensing customs and practices" expert report for two reasons.

*First*, Mr. Silverman's proposed report is far too late. The deadline for submitting opening reports was May 17, 2013. Under the Scheduling Order, the only reports that the parties may submit at this late stage in the case are *rebuttal* reports. But Kodak did not submit any opening report on "licensing customs and practices" that Mr. Silverman could be rebutting. Kodak would be unfairly prejudiced if Ricoh were permitted to ignore the expert discovery deadlines by now submitting a new opening report two months after the May 7 deadline. Most importantly, Kodak would not have any opportunity to respond to Mr. Silverman's opinion. And Kodak should not be forced to extend expert discovery yet again as a result of Ricoh's late disclosure.

*Second*, even if Mr. Silverman's proposed testimony were not untimely, an opinion regarding "licensing customs and practices" is not proper expert testimony. Mr. Silverman is a licensing attorney without any factual connection to the events at issue in this case. He never worked for Ricoh, Pentax, or Kodak, and was not involved in any way in the negotiation of the PLA. His opinion about "licensing customs and practice" could therefore relate only to what Ricoh contends is the correct legal interpretation of the PLA or the legal validity of Ricoh's "implied license" defense. But these are legal issues that the Court will resolve. *See Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 85 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment.") (internal citations omitted). Contract interpretation is not a proper issue for an expert opinion. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 691 F. Supp. 2d 448, 458 (S.D.N.Y. 2010) ("It is also well-established that expert witnesses are not permitted to testify about issues of law—which are properly the domain of the trial judge and jury.").

For the foregoing reasons, Kodak respectfully requests that the Court preclude Ricoh from submitting an expert report on "licensing customs and practices."

---

[1] Ricoh argued during the meet and confer that Kodak's motion is premature because Ricoh has not reached a final decision as to whether it will submit a report from Mr. Silverman. But Ricoh refused to agree that it would not attempt to offer a "licensing customs and practices" report from Mr. Silverman. And given that expert discovery closes just three weeks after the July 8 deadline for rebuttal reports, if Kodak waited until July 8 to bring this motion, it would not have sufficient time to respond to Mr. Silverman's opinion in the event he were permitted to submit a report. Accordingly, Kodak believes that the parties will benefit from resolution of this dispute now.

June 13, 2013
Page 3

WILMERHALE

Respectfully submitted,

Jordan L. Hirsch