**quinn emanuel** trial lawyers | washington, dc
1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100



MEMO ENDORSED

RECEIVED
JUN 18 2013
CHAMBERS OF
DENISE COTE

WRITER'S DIRECT DIAL NO.
(202) 538-8167

WRITER'S INTERNET ADDRESS
davideiseman@quinnemanuel.com

June 18, 2013

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 10-40
New York, NY 10007-1312

Re:   *Eastman Kodak Co. v. Ricoh Co., Ltd.*, 1:12-cv-03109-DLC-GWG (S.D.N.Y.)

Dear Judge Cote:

Ricoh Company, Ltd. ("Ricoh") respectfully submits this response to Eastman Kodak Company's ("Kodak") June 13, 2013 letter, which improperly seeks to preclude all testimony from Ricoh's patent licensing industry expert, Carl Silverman, before Mr. Silverman has even served his rebuttal report. Without any knowledge of Mr. Silverman's expert testimony, beyond Ricoh's acknowledgment that it expects Mr. Silverman to opine on "licensing customs and practices," Kodak attempts to preclude Mr. Silverman's testimony, as constituting (1) an untimely "opening" report and (2) improper legal opinion. Not only is Kodak's motion premature—in objecting to testimony that has not yet been given—but custom and practice expert testimony is appropriate rebuttal testimony and admissible under New York law.

This Court's September 13, 2012 Scheduling Order provides that "[e]xpert reports and disclosure of expert testimony . . . *by the party bearing the burden on an issue* must be served by May 17, 2013." (emphasis added). Kodak bears the burden of proof on interpretation of the Patent Licensing Agreement ("PLA"), both as Plaintiff, responsible for proving its case, and as the PLA's drafter, responsible for proving a preferred interpretation of an ambiguous term. *See McCarthy v. Am. Int'l Grp., Inc.*, 283 F.3d 121, 124 (2d Cir. 2002) (ambiguous provisions construed against the drafter). Tellingly, Kodak submitted an opening expert report on issues relating to the definition of "Digital Camera" in the PLA. That Kodak made a tactical decision not to provide an opening report on a separate provision in the PLA cannot transform Ricoh's rebuttal report into an "opening report"; such a rule would render the schedule meaningless, because Ricoh could not know that Kodak would not submit a report until the deadline for opening reports had passed. *See Weiss v. Chrysler Motors Corp.*, 515 F.2d 449 (2d Cir. 1975) ("[F]or matters *properly not evidential until the rebuttal*, the proponent has a *right* to put them in at that time, and they are not subject to the discretionary exclusion of the trial court[.]"); Fed. R. Civ. P. 26 Adv. Comm. Note on 1993 Amend. ("the party with the burden of proof on an issue should disclose its expert testimony on that issue before other

parties are required to make their disclosures with respect to that issue"). Mr. Silverman's expert testimony will be offered as a rebuttal to Kodak's case-in-chief, by the July 8, 2013 deadline set by this Court for rebuttal expert reports, and is therefore timely.

With respect to the substance of Mr. Silverman's proposed testimony, Kodak's position—that a legal interpretation of an unambiguous contract is a matter of law for the court—presumes victory on issues central to this case. Kodak contends that the PLA between Kodak and Ricoh is unambiguous, has an interpretation favorable to Kodak, and was breached by Ricoh, entitling Kodak to damages. Ricoh disagrees with that position and contends—in part—that sections of the PLA do not have the meaning Kodak ascribes to them.

It is expected that Mr. Silverman will offer testimony on licensing customs and practices to provide context and meaning to ambiguous terms in the PLA. The Second Circuit, interpreting New York law, has held that custom and practice of the relevant industry must be considered in determining whether a contract is ambiguous. *Selden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992) ("ambiguous language . . . is 'capable of more than one meaning when viewed objectively by a reasonably intelligent person . . . *who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business*") (emphasis added). When a contract is ambiguous—as Ricoh contends here—interpretation of that contract is *not* a question of law, but rather a question of fact. *See LaSalle Bank Nat. Ass'n v. Nomura Asset Capital*, 424 F.3d 195, 205 (2d Cir. 2005) ("when the meaning of the contract is ambiguous and the intent of the parties becomes a matter of inquiry, a question of fact is presented"). Extrinsic evidence, including evidence of industry custom and practice, is both admissible and encouraged to shed light on the parties' intent. *Glassalum Int'l Corp. v. Albany Ins. Co.*, No. 03-cv-9166, 2005 WL 1214333, at *7 (S.D.N.Y. May 23, 2005) ("If the language of a contract is ambiguous, . . . the court should look to the contract as a whole and the parties' conduct, as well as any evidence of surrounding facts and relevant circumstances, *industry custom and practice*, and course of dealing." (emphasis added)). Thus, Mr. Silverman's expected testimony on licensing custom and practice is proper.

Finally, and in any event, Kodak's request should be denied because it is premature. Once Mr. Silverman serves his expert report, Kodak can move to strike the report if it believes Mr. Silverman is offering improper opinion testimony. But until Mr. Silverman actually offers his testimony, such a determination cannot be made. *See USA Life Ins. Co. v. Dwyer*, 899 F. Supp. 1200, 1202 (S.D.N.Y. 1995) ("At this preliminary stage, we are reluctant to rule on the admissibility of each item in [defendant's expert's] report. The parties have not yet completed expert depositions, much less trial preparation. . . . [S]triking this portion of [the] expert report would be premature.").

For all of these reasons, Ricoh respectfully requests that the Court deny Kodak's request.

Respectfully submitted,

*/s/ David Eiseman*

David Eiseman

*Rebuttal testimony in this Court's scheduling order refers to testimony offered to rebut expert opinions offered on May 17. To the extent Mr. Silverman's report does so, it may be filed on July 8.*

*/s/ Denise Cote*
June 19, 2013

2