**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8167

WRITER'S INTERNET ADDRESS
davideiseman@quinnemanuel.com

July 8, 2013



**Via Electronic Mail**

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *Eastman Kodak Company v. Ricoh Company, Ltd.*, No. 12-cv-3109 (DLC)

Dear Judge Cote:

On behalf of Defendant Ricoh Company, Ltd. and Plaintiff Eastman Kodak Company we write to notify the Court that the parties have reached a resolution of their dispute regarding Ricoh's submission of an expert report from Mr. Silverman on licensing custom and practice (at issue in the parties' letters of June 13th and June 18th, the Court's order of June 18th (DN 82), the parties' letters of June 24th, 26th, and 26th, and the conference held July 1st).

Accordingly, the parties believe that the conference set for July 9, 2013 at 3 p.m. (*see* DN 86) is no longer necessary, and request that it be removed from the calendar.

Specifically, Kodak agrees to withdraw its objection to Mr. Silverman submitting a report on July 8th, and to not object to that report as being untimely or as improperly containing opinions that should have been served in an "opening" report. Kodak however reserves the right to object to Mr. Silverman's opinion on other grounds, for example, as improper legal testimony to the extent Mr. Silverman opines on issues of law.

In exchange, Ricoh agrees that it will not object to Kodak submitting a responsive custom and practice report on July 29th. Ricoh however maintains that Kodak bears the burden of proof on issues of contract interpretation, and that a report from Kodak therefore is not a true "rebuttal" report under the Court's scheduling order. For its part, Kodak maintains its positions with respect to the burden of proof, including its position that the burden of establishing any custom or practice is on Ricoh.

Additionally, the parties have agreed to a two-week extension of expert discovery, to accommodate expert depositions.

To accommodate the parties' agreement, the parties respectfully request the following extensions:

(1)   <u>Responsive custom and practice expert report</u>:  The parties request that a deadline be set for Kodak's responsive licensing custom and practice report of **July 29, 2013**.

(2)   <u>Expert Discovery Deadline</u>:  In its May 28, 2013 Order (DN 65), the Court extended the deadline for the completion of expert discovery to July 29, 2013.   To accommodate expert depositions in light of the parties' agreement, the parties request a further **two-week** extension of this deadline to **August 12, 2013**.

The proposed extensions will not affect any other scheduled deadlines in this case.  Accordingly, the parties respectfully request that the Court grant these extensions.

Thank you for Your Honor's consideration of this submission.


Respectfully submitted,


David Eiseman
Quinn Emanuel LLP

*Counsel for Ricoh Company, Ltd*


Robert J. Gunther, Jr.
Wilmer Hale LLP

*Counsel for Eastman Kodak Company*


cc:    All parties of record

So ordered.

July 9, 2013