UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>     Plaintiff,<br><br>     v.<br><br>RICOH COMPANY, LTD.<br><br>     Defendant. | Case No. 12-CV-3109 (DLC) |

## RICOH'S PROPOSED JURY INSTRUCTIONS

Defendant Ricoh Company, Ltd. ("Ricoh"), respectfully requests that the Court provide the following preliminary and final instructions to the jury. These Proposed Jury Instructions are based on the authorities cited herein and on all pleadings and other filings in this case.

## PRELIMINARY INSTRUCTIONS

**Requested Preliminary Instruction No. 1: Contact with Others**

Before we start the trial, let me give you a few rules of the road.

First, please do not discuss the case with anyone. This includes discussing the case in person in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last three days, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this

courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case.  If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet.  And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed.  Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations.  The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

*[Modern Federal Jury Instructions – Civil at 71-15.]*


**Requested Preliminary Instruction No. 2:  Additional Opening Instructions**

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other

comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

During the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

If you need to tell me something, simply give a signed note to the marshal to give to me.

*[Modified Federal Jury Practice and Instructions §§ 101:01, 101.11.]*


**Requested Preliminary Instruction No. 3:  Foreign Language Testimony**

Languages other than English, such as Japanese, may be used during this trial.  Witnesses who do not speak English or are more proficient in another language will testify through the official court interpreter.  Although some of you may know Japanese, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning of non-English words.

[*Modified Federal Jury Practice and Instructions § 101:50.*]

**Requested Preliminary Instruction No. 4:  Note-Taking by Jury**

If you want to take notes during the course of the trial, you may do so.  If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you an dare not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.  If, during deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

[*Modern Federal Jury Instructions – Civil at 71-16.*]

**Requested Preliminary Instruction No. 5:  Nature of the Case**

The parties in this case are Eastman Kodak Company, which I will refer to as Kodak, and Ricoh Company, Ltd., which I will refer to as Ricoh.  The case involves a contract between Kodak and Ricoh.  The parties and I will refer to that contract as the Patent License Agreement or the PLA.  In an earlier proceeding, it was determined that Ricoh needs to pay royalties to Kodak under the Patent License Agreement.  Your job in this trial is to calculate the amount of royalties that Ricoh will pay to Kodak as provided by the terms of the Patent License Agreement.

**Requested Preliminary Instruction No. 6:  Burden of Proof**

In this case, Kodak has the initial burden of proving by a preponderance of the evidence facts necessary to calculate royalties under the PLA.  Ricoh may point out any ways in which it believes that Kodak has not met that burden with respect to all or some of the royalties claimed.  Ricoh may also choose to prove by a preponderance of the evidence facts showing that deductions should be made to any royalties claimed by Kodak.

What does preponderance of evidence mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

*[Modified Modern Federal Jury Instructions – Civil at 73-2.]*


**Requested Preliminary Instruction No. 7:  Order of Trial**

The trial will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.

After the opening statements, Kodak will present evidence and Ricoh may cross-examine Kodak's witnesses. At the conclusion of Kodak's case, Ricoh may introduce evidence and Kodak's lawyers may cross-examine Ricoh's witnesses.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

*[Modified Federal Jury Practice & Instructions § 101:02.]*

# FINAL JURY INSTRUCTIONS

**Requested Final Instruction No. 1:  Introduction and Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  If an attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

*[Modified Modern Federal Jury Instructions – Civil at 71-2.]*


**Requested Final Instruction No. 2:  Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said about a fact issue—or what I may say in these instructions about a fact issue—evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Kodak has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. The court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

*[Modern Federal Jury Instructions – Civil at 71-3.]*


**Requested Final Instruction No. 3:  Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

*[Modern Federal Jury Instructions – Civil at 71-4.]*

**Requested Final Instruction No. 4:  Jury To Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of believe, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.  Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as practicable, our of your hearing.  You have no concern with the reasons for any such rulings and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain

from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing or sight.

[Modern Federal Jury Instructions – Civil at 71-5.]

**Requested Final Instruction No. 5:  Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

[Modern Federal Jury Instructions – Civil at 71-6.]

**Requested Final Instruction No. 6:  Stipulation of Facts**

The parties have agreed to certain facts as follows:  **[READ STIPULATIONS]**  You will therefore take these facts to be true for the purposes of this case.

[Federal Jury Practice and Instructions § 101:47.]

- 10 -

**Requested Final Instruction No. 7:  Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

[Modern Federal Jury Instructions – Civil at 74-13.]


**Requested Final Instruction No. 8:  Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

[Modern Federal Jury Instructions – Civil at 74-14.]

**Requested Final Instruction No. 9:  Witness Credibility**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend on the number of witnesses who testify.

[Federal Jury Practice and Instructions § 101:43.]


**Requested Final Instruction No. 10:  Race, Religion, National Original, Sex or Age**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

The parties in this case are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

[Modern Federal Jury Instructions – Civil at 71-9.]

**Requested Final Instruction No. 11:  Sympathy**

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

*[Modern Federal Jury Instructions – Civil at 71-10.]*


**Requested Final Instruction No. 12:  Expert Witnesses Generally**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness

to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

      *[Modern Federal Jury Instructions – Civil at 76-9.]*

**Requested Final Instruction No. 13:  Conflicting Expert Testimony**

      You have heard testimony of expert witnesses who have been called by both sides to give their opinion about issues related to the amount of royalties to be paid by Ricoh to Kodak.

      These witnesses disagree as to the amount of royalties to be paid.  You must remember that you are the sole trier of the facts, and these witnesses' testimony relates to a question of fact; so, it is your job to resolve the disagreement.

      The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

      You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence.  You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment and common sense.

      You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness.  The determination of the facts in this case rests solely with you.

      *[Modern Federal Jury Instructions – Civil at 76-10.]*

**Requested Final Instruction No. 14:  Nature of the Case**

You may recall that at the start of this trial, I said that your job in this trial is to determine the amount of royalties that Ricoh will pay to Kodak under the terms of the parties' Patent License Agreement.  You have now heard the evidence on which you are to make that determination.

**Requested Final Instruction No. 15:  Jury Deliberations**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in  fact, any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

[Modern Federal Jury Instructions – Civil at 78-1.]

**Requested Final Instruction No. 16:  Duty To Deliberate / Unanimous Verdict**

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should no hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but

you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regarding to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious believes solely for the purpose of returning a unanimous verdict.

*[Modified Modern Federal Judy Instructions – Civil at 78-3.]*


**Requested Final Instruction No. 17:  Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

*[Modern Federal Jury Instructions – Civil at 78-5.]*


**Requested Final Instruction No. 18:  Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the court room.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

*[Modern Federal Jury Instructions – Civil at 78-6.]*

DATED:  October 11, 2013.

By: /s/ *David Eiseman*

David Eiseman*
Philip C. Sternhell*
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, DC 20004
(202) 538-8178
davideiseman@quinnemanuel.com
philipsternhell@quinnemanuel.com

Ryan S. Goldstein*
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
ryangoldstein@quinnemanuel.com

Melissa J. Baily
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
melissabaily@quinnemanuel.com

*Admitted pro hac vice*

*Counsel for Defendant Ricoh Company, Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT, on the 11th day of October, 2013, I caused the above document to be served on all attorneys of record via electronic mail.


DATED:  October 11, 2013

                        /s/   *Philip C. Sternhell*
                             Philip C. Sternhell