UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 12-CV-3109 (DLC) |
| ) | |
| RICOH COMPANY, LTD.    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

## PLAINTIFF EASTMAN KODAK COMPANY'S PROPOSED JURY INSTRUCTIONS

Plaintiff Eastman Kodak Company ("Kodak") respectfully requests that the Court

provide the following pre- and post-instructions to the jury.  These Proposed Jury Instructions

are based on the authorities cited herein and on all pleadings and other filings in this case.

## PRE-INSTRUCTIONS

### Introduction

Members of the jury, we are about to begin the trial of the case you heard about during

jury selection.  Before the trial begins, I am going to give you instructions that will help you to

understand what will be presented to you.[1]

### Request No. 1 – General Statement of the Nature of the Case and Issues

This is a civil action in which the plaintiff, Eastman Kodak Company ("Kodak"), has

sued the defendant, Ricoh Company, Ltd. ("Ricoh"), for violating the terms of a contract

between the parties and for damages to compensate Kodak for the harm it suffered as a result.

On May 1, 2002, Kodak and Ricoh entered into a contract known as a patent license

agreement.  I'll refer to that agreement as the PLA.  In the PLA, Kodak gave Ricoh the right to

---

[1] *See* Fed. Jury Prac. & Instr. at § 101:01 (6th ed.).

ActiveUS 116928964v.1

use Kodak's patented digital camera technologies in its digital camera products.  In exchange, Ricoh agreed, among other things, to pay a 2.5% royalty to Kodak on Ricoh's sales of digital cameras.  A royalty is a percentage of revenues.  So what this means is that Ricoh agreed to pay Kodak 2.5% of its revenues resulting from the sales of its digital cameras.  Ricoh also agreed to pay royalties to Kodak on the digital camera sales of any business that Ricoh acquired that was not already a Kodak licensee and had not already paid royalties to Kodak.  Specifically, for any business that it acquired, Ricoh agreed to pay a 2.5% royalty on the digital camera sales made by that acquired business during the term of the PLA—May 1, 2002 to April 30, 2012—if that acquired business was not already a Kodak licensee and had not paid royalties to Kodak.

On October 1, 2011, Ricoh acquired a business called Pentax Imaging Systems.  Pentax sold digital cameras during the period May 1, 2002 to April 30, 2012.  Pentax was not a Kodak licensee and Pentax had not paid any royalties to Kodak for sales of Pentax's digital cameras. Since the time it acquired Pentax, Ricoh has not paid Kodak any royalties on the digital cameras sold by Pentax.  In this lawsuit, Kodak alleges that Ricoh's failure to pay royalties on the digital cameras sold by Pentax from May 1, 2002 to April 30, 2012 violated the terms of the PLA.

Now, I have already determined that Ricoh's failure to pay royalties on the Pentax digital cameras was a violation of Ricoh's obligations under the PLA.  As a result, your role in this case is not to determine *whether* Ricoh violated the terms of the PLA by not paying royalties on Pentax digital camera sales—I have already made that determination.  Your role is, instead, to determine the amount of damages that Ricoh must pay to Kodak for its failure to pay royalties on the Pentax digital camera sales.

You will hear from witnesses on both sides including fact and expert witnesses.  And your role will be to determine, based on their testimony, how many of the covered digital

- 2 -

cameras at issue were sold, what the revenues are from those sales, and what the damages to Kodak are resulting from those sales.

**Request No. 2 – Burden of Proof**

In a civil case such as this, the party who makes a claim has the burden of proving that claim. This is referred to as the burden of proof. The party having the burden of proof must satisfy you that its claims on an issue are more probably so than not. This is referred to as proof by a preponderance of the evidence. Kodak has the burden of proof by a preponderance of the evidence on its damages claims. This means that Kodak must provide "a stable foundation for a reasonable estimate of the damages incurred" as a result of Ricoh's breach of the PLA.[2] Ricoh, on the other hand, has the burden of proof as to any defenses it has to Kodak's damages claim.[3] This means that if Ricoh seeks to reduce the damages amount claimed by Kodak, Ricoh must prove that Kodak's damages claim is incorrect.[4]

Preponderance of the evidence does not require proof beyond a reasonable doubt as is required in a criminal case. Preponderance of the evidence also does not require proof to a certainty. A preponderance of the evidence means the greater part of such evidence. In other words, the party having the burden of proof must satisfy you that its claims on an issue are more probably so than not. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds.

---

[2] *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110–11 (2d Cir. 2007).
[3] *See* New York Civil Jury Instructions § 1:60.
[4] *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110–11 (2d Cir. 2007); *see also E.E.O.C. v. Kelley Drye & Warren, LLP*, 10 CIV. 665 LTS MHD, 2011 WL 3163344, at *3 (S.D.N.Y. July 25, 2011) ("The defendant has the burden of proving any amount that must be deducted from damages."); *Aniero Concrete Co. v. New York City Constr. Auth.*, 308 F. Supp. 2d 164, 190 n.17 (S.D.N.Y. 2003) ("[Because] defendant wishes to reduce the amount of the claim by asserting its right to a "credit," "offset," or "setoff," defendant bears the burden of proving its entitlement by a preponderance of the evidence."); *Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) ("[T]he issue of setoff is an affirmative defense. [Defendant] therefore had the burden of proof on the matter.") (citations omitted); *Susi v. Belle Acton Stables, Inc.*, 261 F. Supp. 219, 222 (S.D.N.Y. 1966) ("[T]he burden of proving such a set-off, recoupment, or reduction of damages is upon the defendants.").

ActiveUS 116928964v.1

As an example, imagine in your mind the scales of justice.  Put all the credible evidence on the scales, with the evidence in favor of the party having the burden of proof on one side of the scales and the evidence in favor of the other party on the other side.  If the scales tip, ever so slightly, for the party having the burden of proof, then on that issue that party has sustained  its burden.  If the scales tip in favor of the other side, or remain in balance, then the burden of proof has not been satisfied.

**Request No. 3 – Order of Trial**

The trial will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.

After the opening statements, Kodak will present evidence and Ricoh may cross-examine Kodak's witnesses.  At the conclusion of Kodak's case, Ricoh may introduce evidence and Kodak's lawyers may cross-examine Ricoh's witnesses.  If Ricoh does introduce evidence, Kodak may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.[5]

**Request No. 4 – Contact with Others**

Before we start the trial, let me give you a few rules of the road.

---

[5] *See* Fed. Jury Prac. & Instr. § 101:02 (6th ed.)

- 4 -

First, please do not discuss the case with anyone.  This includes discussing the case in person in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature.  If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last three days, that's okay.  But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case.  The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case.  If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet.  And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed.  Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations.  The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.[6]

**Request No. 5 – Additional Opening Instructions**

---

[6] *See* Modern Federal Jury Instructions – Civil at § 71-15.

ActiveUS 116928964v.1

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

During the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

ActiveUS 116928964v.1

If you need to tell me something, simply give a signed note to the marshal to give

to me.[7]

**Request No. 6 – Foreign Language Testimony**

Languages other than English, such as Japanese, may be used during this trial.  Witnesses

who do not speak English or are more proficient in another language will testify through the

official court interpreter.  Although some of you may know Japanese, it is important that all

jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the

witness's testimony.  You must disregard any different meaning of non-English words.[8]

## FINAL JURY INSTRUCTIONS

**Request No. 1 – Introduction and Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the

lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these

instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  If an attorney has stated

a legal principle different from any that I state to you in my instructions, it is my instructions that

you must follow.

You should not single out any instruction  as alone stating the law, but you should

consider my instructions as a whole when you retire to deliberate in the jury room.

---

[7] *See* Modified Federal Jury Practice and Instructions at §§ 101:01, 101.11.
[8] *See* Modified Federal Jury Practice and Instructions at § 101:50.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.[9]

**Request No. 2 – Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.   In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Kodak has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and were not intended to suggest any opinions on my part as to the verdict you should render, or

---

[9] *See* Modified Modern Federal Jury Instructions – Civil at § 71-2.

whether any of the witnesses may have been more credible than any other witnesses. The court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.[10]

**Request No. 3 – Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.[11]

**Request No. 4 – Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[12]

**Request No. 5 – Stipulation of Facts**

---

[10] *See* Modern Federal Jury Instructions – Civil at § 71-3.
[11] *See* Modern Federal Jury Instructions – Civil at § 71-4.
[12] *See* Modern Federal Jury Instructions – Civil at  § 71-6.

ActiveUS 116928964v.1

The parties have agreed to certain facts as follows:  [Stipulations to be read aloud to the jury]  You will therefore take these facts to be true for the purposes of this case.[13]

**Request No. 6 – Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.[14]

**Request No. 7 – Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.[15]

**Request No. 8 – Witness's Credibility**

---

[13] *See* Federal Jury Practice and Instructions at § 101:47.
[14] *See* Modern Federal Jury Instructions – Civil at § 74-13.
[15] *See* Modern Federal Jury Instructions – Civil at § 74-14.

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend on the number of witnesses who testify.[16]

**Request No. 9 – Expert Witnesses Generally**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness

---

[16] *See* Federal Jury Practice and Instructions at § 101:43.

ActiveUS 116928964v.1

to testify concerning his or her opinion.  Nor should you substitute it for your own reason,

judgment, and common sense.  The determination of the facts in this case rests solely with you.[17]

**Request No. 10 – Conflicting Expert Testimony**

You have heard testimony of expert witnesses who have been called by both sides to give

their opinion about issues related to the amount of damages owed by Ricoh to Kodak.

These witnesses disagree as to the amount of damages owed.  You must remember that

you are the sole trier of the facts, and these witnesses' testimony relates to a question of fact; so,

it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you

decide other fact questions and the same way you decide whether to believe ordinary witnesses.

In addition, you should consider the soundness of each opinion, reasons for the opinion and the

witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think

it deserves in the light of all the evidence.  You should not permit a witness's opinion testimony

to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude

the reasons given in support of an opinion are unsound or, if you, for other reasons, do not

believe the witness.  The determination of the facts in this case rests solely with you.[18]

**Request No. 11 – General Statement of the Nature of the Case and Issues**

You may recall that at the start of this trial, I described the case background and the

issues in dispute.  I will do so now again for your convenience.

---

[17] *See* Modern Federal Jury Instructions – Civil at § 76-9.
[18] *See* Modern Federal Jury Instructions – Civil at § 76-10.

ActiveUS 116928964v.1

This is a civil action in which the plaintiff, Eastman Kodak Company ("Kodak"), has sued the defendant, Ricoh Company, Ltd. ("Ricoh"), for violating the terms of a contract between the parties and for damages to compensate Kodak for the harm it suffered as a result.

On May 1, 2002, Kodak and Ricoh entered into a contract known as a patent license agreement – what we've referred to as the PLA.  In the PLA, Kodak gave Ricoh the right to use Kodak's patented digital camera technologies in its digital camera products.  In exchange, Ricoh agreed, among other things, to pay a 2.5% royalty to Kodak on Ricoh's sales of digital cameras. So Ricoh agreed to pay Kodak 2.5% of its revenues resulting from the sales of its digital cameras.  Ricoh also agreed to pay royalties to Kodak on the sales of digital cameras by any business that Ricoh acquired that was not a Kodak licensee and had not already paid royalties to Kodak.  Specifically, for any business that it acquired, Ricoh agreed to pay a 2.5% royalty on the digital camera sales made by that  acquired business during the term of the PLA—May 1, 2002 to April 30, 2012—if that acquired business was not already a Kodak licensee and had not paid royalties to Kodak.

On October 1, 2011, Ricoh acquired a business called Pentax Imaging Systems.  Pentax sold digital cameras during the period May 1, 2002 to April 30, 2012.  Pentax was not a Kodak licensee and had not paid any royalties to Kodak for sales of Pentax's digital cameras.  Since it acquired Pentax, Ricoh has not paid Kodak any royalties on the digital cameras sold by Pentax. In this lawsuit, Kodak alleges that Ricoh's failure to pay royalties on the Pentax digital cameras sold from May 1, 2002 to April 30, 2012 violated the terms of  the PLA.

As I mentioned to you at the beginning of the trial, I have already determined that Ricoh's failure to pay royalties on the Pentax digital cameras was a violation of Ricoh's obligations under the PLA.  As a result, your role in this case is not to determine *whether* Ricoh

ActiveUS 116928964v.1

violated the terms of the PLA by not paying royalties on Pentax digital camera sales—I have already made that determination.  Your role is, instead, to determine the amount of damages that Ricoh must pay to Kodak for its failure to pay royalties on the Pentax digital camera sales.

 Your role is to determine, based on the testimony you have heard, how many of the digital cameras at issue were sold, what the revenues are from those sales, and what the damages to Kodak are resulting from those sales.

**Request No. 12 – Damages that Ricoh Owes to Kodak for Failure to Pay Royalties on Sales of Pentax Digital Cameras**

The PLA requires that Ricoh pay royalties to Kodak on Pentax's sales of Digital Cameras, as that term is defined in the PLA, during the period between May 1, 2002 and April 30, 2012.

There are two types of Pentax digital cameras at issue in this case: point-and-shoot digital cameras, and Digital Single Lens Reflex, or DSLR, cameras.

There is no dispute that the first type of product, Pentax's point-and-shoot digital cameras, are "Digital Cameras" as that term is defined in the PLA.  The parties agree on that. You should therefore take it as an established fact that Pentax's point-and-shoot digital cameras are Digital Cameras as that term is defined in the PLA and that Ricoh must pay royalties on Pentax's point-and-shoot digital cameras.

As to DSLRs, I have already determined that when Pentax sells a DSLR camera with a lens, it is also a "Digital Camera" as that term is defined in the PLA.  You should therefore take it as an established fact that when Pentax sells DSLRs with a lens, they are Digital Cameras as that term is defined in the PLA.

- 14 -

To make your determination as to the amount of damages, you must do the following things:

1.  The first thing you must do is to determine the total royalties that Ricoh should have paid under the PLA for the sales of Pentax Digital Cameras.  The PLA requires Ricoh to pay a 2.5% royalty on Pentax's worldwide Net Sales of Digital Cameras during the period from May 1, 2002 to April 30, 2012.[19]  You must therefore determine Pentax's total Net Sales of covered Digital Cameras during that time.  You must determine the revenues resulting from Pentax's sale of point-and-shoot digital cameras.  You must also determine Pentax's revenues resulting from its sale of DSLRs with a lens.  Those two numbers combined are the total revenues.

Now, the PLA defines Net Sales that are subject to a royalty as total revenues resulting from sales less any appropriate deductions.[20]  As a result, you must determine whether the revenues you just calculated may be reduced in any way.  Ricoh has the burden of proof to show what, if any, deductions are appropriate.[21]  Under the PLA, there are certain categories of deductions that are permitted.  Among other deductions, the PLA states that total revenues may be reduced by "quantity discounts actually allowed and taken in such amounts as are customary in the trade (to the extent they are not already reflect in the amount received)."[22]  Ricoh asserts that this deduction applies to Pentax's sales revenues.  You must determine whether Ricoh has proven that the deductions that it seeks are quantity discounts actually allowed and taken in such

---

[19] *See* PLA at § 4.2; Amend. No. 2 at ¶ 6.
[20] *See* PLA at § 1.12.
[21] *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110–11 (2d Cir. 2007); *see also E.E.O.C. v. Kelley Drye & Warren, LLP*, 10 CIV. 665 LTS MHD, 2011 WL 3163344, at *3 (S.D.N.Y. July 25, 2011) ("The defendant has the burden of proving any amount that must be deducted from damages."); *Aniero Concrete Co. v. New York City Constr. Auth.*, 308 F. Supp. 2d 164, 190 n.17 (S.D.N.Y. 2003) ("[Because] defendant wishes to reduce the amount of the claim by asserting its right to a 'credit,' 'offset,' or 'setoff,' defendant bears the burden of proving its entitlement by a preponderance of the evidence."); *Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) ("[T]he issue of setoff is an affirmative defense. [Defendant] therefore had the burden of proof on the matter.") (citations omitted); *Susi v. Belle Acton Stables, Inc.*, 261 F. Supp. 219, 222 (S.D.N.Y. 1966) ("[T]he burden of proving such a set-off, recoupment, or reduction of damages is upon the defendants.").
[22] PLA at § 1.12.

amounts as are customary in the trade and, if so, how much may be deducted from the total revenues to arrive at Net Sales.

Once you have determined the total Net Sales, you must multiply that by the 2.5% royalty rate and the result is the total royalties that are owed to Kodak.

2.  The second thing you must determine is whether another company already paid Kodak any of the royalties that Ricoh owes. Some of Pentax's cameras were supplied to Pentax by "Original Equipment Manufacturers" or "OEMs." Ricoh contends that it does not have to pay royalties on some of the cameras manufactured by these OEMs because the OEMs have already paid the royalty. Ricoh has the burden of proving that any royalties it owes to Kodak were already paid by another company.[23] Under the PLA, Ricoh must pay royalties on all sales of Pentax Digital Cameras regardless of who manufactured the cameras for Pentax, unless Ricoh can show that the royalty for those specific Digital Cameras was already paid to Kodak by the manufacturer.[24] You must determine whether, for any specific Digital Cameras sold by Pentax, the company that manufactured those cameras had already paid Kodak royalties on those cameras. If you find that a company that manufactured certain specific Digital Cameras for Pentax has already paid royalties to Kodak on these cameras, you should subtract the royalties already paid from the amount of royalties owed by Ricoh. However, keep in mind that Kodak is entitled to a royalty on sales of all of Pentax's Digital Cameras. Thus, if you find that the company that manufactured specific Digital Cameras for Pentax has not paid a royalty to Kodak on such cameras, then Ricoh is required to pay a royalty to Kodak on sales of those cameras.

---

[23] *PSC Inc. v. Symbol Techs., Inc.*, 26 F. Supp. 2d 505, 509 (W.D.N.Y. 1998) (party attempting to reduce damages based on double royalty collection argument must demonstrate, among other factors, that the licensor collected royalties from other licensees); *see also Bartholomew v. Universe Tankships, Inc.*, 279 F.2d 911, 916 (2d Cir. 1960) ("[A]s to this defense of duplication or prior payment the defendant must bear the burden of proof . . . .").
[24] *See* PLA at § 3.8 ("Ricoh agrees that it will be legally and financially responsible, including the payment of royalties pursuant to Article IV, for all Ricoh Branded Licensed Products and OEM Licensed Products licensed hereunder regardless of the manufacturer or assembler for the same.").

ActiveUS 116928964v.1

3.  The third thing you must do is determine the amount of interest due to Kodak on Ricoh's unpaid royalties.  Under the PLA, Ricoh was required to make a royalty payment for Pentax's worldwide Net Sales of Digital Cameras that were made prior to Ricoh's acquisition of Pentax within 45 days after Ricoh's acquisition of Pentax.[25]  That payment deadline was November 15, 2011 and there is no dispute that Ricoh did not make that payment.  The PLA also required Ricoh to make ongoing royalty payments for the Digital Cameras that Pentax sold after Ricoh acquired Pentax within 45 days after the close of each calendar quarter.[26]  There is no dispute that Ricoh did not make any of these payments either.  As a result, Ricoh owes Kodak interest on these unpaid royalties.  The parties agree that the PLA requires Ricoh to pay interest of 5.25% per year on all royalty payments that were not made on time.[27]  You must decide what interest is due as a result of Ricoh's failure to make the required payments on time.  In other words, you must take the amount of royalties owed and multiply that by the 5.25%-per-year interest rate.  You must then multiply the result by the number of years or parts of years for which the payment is late.  The result is the total amount of interest due.

The total damages owed to Kodak are the royalties due, plus the interest on the unpaid amounts.

**Request No. 13 – Damages for Breach of Contract Generally**

The general purpose of awarding compensation to a party in a lawsuit who is found to be entitled to compensation is to give a sum of money to the person wronged which, as nearly as possible, will restore the person to the position he or she would be in if the wrong had not been

---

[25] *See* PLA at § 4.4; Amend. No. 2 at ¶ 7(a).
[26] *See* PLA at § 4.2; *id.* at § 4.4; Amend. No. 2 at ¶ 6; *id.* at ¶ 7(a).
[27] *Id.* at § 4.5.

ActiveUS 116928964v.1

committed.[28]   This means that the purpose of awarding compensation is to make the party

whole: in this case, to put Kodak in the position it would have been had Ricoh fulfilled its

obligations under the PLA.  Damages should be based on the evidence you have heard and the

law I am giving to you.

     In determining the amount of damages to award to Kodak, you should keep the following

in mind:

1) The damages you award should leave the injured party, in this case Kodak, in as good

    a position as it would have been if Ricoh had fully performed its obligations under the

    PLA.[29]

2) The law does not require mathematical certainty in computing damages.  "The

    plaintiff need only show a stable foundation for a reasonable estimate" of the damage

    incurred as a result of the breach.[30]  It is up to the defendant to prove that the

    plaintiff's calculation of damages is incorrect.

## Request No. 14 – Satisfaction of Judgment Not to Be Considered

You are not to be concerned with how any judgment that you award would be satisfied.

That is not a matter which may properly be considered by a jury in any civil case and is

irrelevant to the decisions that you must make in this case.

## Request No. 15 – Jury Deliberations

You are about to go into the jury room and begin your deliberations.  If during those

deliberations you want to see any of the exhibits, you may request that they be brought into the

---

[28] Williston on Contracts § 64:1 (4th ed.) ("The fundamental principle that underlies the availability of contract damages is that of compensation.  That is, the disappointed promisee is generally entitled to an award of money damages in an amount reasonably calculated to make him or her whole and neither more nor less . . The goal of compensating the promise following a breach of contract by the promisor is, to the extent possible through an award of money damages, to place the plaintiff-promisee in as good a position as he or she would have occupied had the defendant-promisor not breached the contract.").
[29] *See* New York Civil Jury Instructions at § 4:20.
[30] *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110–11 (2d Cir. 2007).

ActiveUS 116928964v.1

jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in  fact, any communication with the court— should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.[31]

## Request No. 16 – Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.[32]

## Request No. 17 – Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the court room.

Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.[33]

Dated:  New York, New York                     Respectfully submitted,
October 11, 2013                               */s/ Robert J. Gunther*
                                              Robert J. Gunther, Jr.
                                              WILMER CUTLER PICKERING HALE & DORR LLP
                                              399 Park Avenue
                                              New York, NY 10022
                                              Tel: (212) 230-8800
                                              Fax:(212)230-8888
                                              robert.gunther@wilmerhale.com

---

[31] *See* Modern Federal Jury Instructions – Civil at § 78-1.
[32] *See* Modern Federal Jury Instructions – Civil at § 78-5.
[33] *See* Modern Federal Jury Instructions – Civil at § 78-6.

ActiveUS 116928964v.1

Michael J. Summersgill
Jordan L. Hirsch
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com
jonathan.woodard@wilmerhale.com

*Attorneys for Eastman Kodak Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EASTMAN KODAK COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>RICOH COMPANY, LTD. )<br><br>Defendant. ) | Civil Action No. 1:12-cv-03109 (DLC) |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of October, 2013, I caused Plaintiff Eastman Kodak Company's Proposed Jury Instructions to be served on all attorneys of record through the Court's ECF system.

By: */s/ Robert J. Gunther, Jr.*

- 21 -