UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>                   Plaintiff,<br><br>           v.<br><br>RICOH COMPANY, LTD.<br><br>                   Defendant. | Case No. 12-CV-3109 (DLC) |

**EASTMAN KODAK COMPANY'S OBJECTIONS TO RICOH COMPANY, LTD.'S
PROPOSED JURY INSTRUCTIONS**

      Plaintiff Eastman Kodak Co. ("Kodak") respectfully submits the following objections to Ricoh Company, Ltd.'s Proposed Jury Instructions. Kodak reserves the right to supplement or amend these objections based on the Court's rulings and as testimony and evidence is offered. By not specifically objecting to any particular requested Instruction or portion of Instruction at this time, Kodak does not intend to suggest that it deems the Instruction to be appropriate or acceptable.

**GENERAL OBJECTIONS**

      Kodak objects to Ricoh's Proposed Preliminary and Final Jury Instructions on the grounds that they omit instructions regarding the compensatory purpose of damages for breach of contract, the satisfaction of the judgment against Ricoh, and the calculations necessary to determine damages under the parties' Patent License Agreement, which is the jury's most important task. Kodak submits that its Proposed Jury Instruction Nos. 12-14 provide this information.

I.    **OBJECTIONS TO RICOH'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5 AND FINAL INSTRUCTION NO. 14 – NATURE OF THE CASE**

1

Kodak objects to Ricoh's Preliminary Jury Instruction No. 5 and Final Jury Instruction No. 14 for two reasons.  First, these instructions provide insufficient guidance or clarity to the jury.  The jury's task will be to determine damages owed under the specific payment terms of the parties' Patent License Agreement (the "PLA"), which require that Ricoh pay royalties on the digital camera sales of a certain acquired business.  Ricoh's instructions, however, do not explain that: (1) Ricoh acquired Pentax Imaging Systems on October 1, 2011; (2) the PLA required Ricoh to pay royalties on digital camera sales made by an acquired business that was not already a Kodak licensee and had not paid royalties to Kodak; or (3) the Court already determined that Ricoh's failure to pay royalties on Pentax digital cameras was a violation of Ricoh's obligations under the PLA.  It is important that the Court's jury instructions provide this framework for the jury to understand why it is being asked to calculate damages on Pentax's digital camera sales.

Second, this Instruction is misleading to the extent it indicates that the jury's only job is to calculate "the amount of royalties" that Ricoh will pay to Kodak under the PLA.  In fact, the jury is tasked with determining the total amount of *damages* owed to Kodak under the PLA.  Total damages is determined by calculating the amount due in both unpaid royalties *and* interest.  This instruction will only confuse and mislead the jury into believing that its job is complete after the calculation of royalties alone.  Kodak submits that its Proposed Jury Instruction No. 1 is a more helpful and clear statement of the remaining issues in the case.

II. **OBJECTIONS TO RICOH'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6 – BURDEN OF PROOF**

Kodak objects to Ricoh's Preliminary Jury Instruction No. 6 on the grounds that it lacks sufficient detail and clarity.  Ricoh's Instruction does not break down the meaning of the legal term preponderance of the evidence for a lay jury.  It does not explain, for instance, that "preponderance of the evidence" requires that Kodak merely provide "a stable foundation for a

2

reasonable estimate of damages incurred" as a result of Ricoh's breach of the PLA.  Similarly, Ricoh's Instruction fails to explain what constitutes a "deduction." The PLA enumerates certain Deductions which Ricoh may deduct from its total revenue before calculating royalties.  (*See* PLA at § 1.12.)  Ricoh's burden of proof, however, extends beyond those five Deductions permitted under the PLA.  Under New York law, Ricoh has the burden of proof as to *any* defenses it has to Kodak's damages claim.[1]  For example, Ricoh argues that the amount of royalties owed must be reduced according to a Pentax tax agreement.  Ricoh also argues that it does not owe royalties on any digital camera Pentax purchased from a Kodak-licensed OEM manufacturer.  Ricoh bears the burden of proof on both of these issues, but Ricoh's proposed Instruction No. 6 fails to make that clear.  Kodak submits that its Proposed Jury Instruction No. 2 more clearly explains Ricoh's burden to prove any reduction in damages.

III. **OBJECTIONS TO RICOH'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7 – ORDER OF TRIAL**

Although it does not object to this instruction, Kodak submits that its Proposed Jury Instruction No. 3 is a more useful statement of the order of trial because it contemplates the possibility of rebuttal evidence from Kodak, something that Ricoh's proposed Instruction omits.

IV. **OBJECTIONS TO RICOH'S PROPOSED FINAL JURY INSTRUCTION NO. 4 – JURY TO DISREGARD COURT'S VIEW**

Kodak objects to Ricoh's Proposed Final Jury Instruction No. 4 for two reasons.  First, this instruction is duplicative of Ricoh's Preliminary Jury Instruction No. 2 and Final Jury

---

[1] *See* New York Civil Jury Instructions § 1:60; *see also Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110–11 (2d Cir. 2007); *see also E.E.O.C. v. Kelley Drye & Warren, LLP*, 10 CIV. 665 LTS MHD, 2011 WL 3163344, at *3 (S.D.N.Y. July 25, 2011) ("The defendant has the burden of proving any amount that must be deducted from damages."); *Aniero Concrete Co. v. New York City Constr. Auth.*, 308 F. Supp. 2d 164, 190 n.17 (S.D.N.Y. 2003) ("[Because] defendant wishes to reduce the amount of the claim by asserting its right to a "credit," "offset," or "setoff," defendant bears the burden of proving its entitlement by a preponderance of the evidence."); *Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) ("[T]he issue of setoff is an affirmative defense. [Defendant] therefore had the burden of proof on the matter.") (citations omitted); *Susi v. Belle Acton Stables, Inc.*, 261 F. Supp. 219, 222 (S.D.N.Y. 1966) ("[T]he burden of proving such a set-off, recoupment, or reduction of damages is upon the defendants.").

3

Instruction No. 2.  In both of these Instructions, Ricoh informs the jury that it must disregard any perceived opinion of the Court's.  Ricoh's Preliminary Jury Instruction No. 2 states, "If I sustain or uphold any objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other."  Additionally, Ricoh's Final Jury Instruction No. 2 states, "Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not Kodak has proven its case."  There is no need to repeat this instruction.  Second, Kodak objects to Ricoh's Proposed Final Jury Instruction No. 4 on the ground that it is likely to cause jury confusion.  Kodak's position is that the jury should be informed of the Court's summary judgment decision.  Where, as here, the Court has already made a key ruling that the jury must accept as already decided, it would be confusing to then tell the jury that it must disregard the Court's view.

V. **OBJECTION TO RICOH'S PROPOSED FINAL JURY INSTRUCTION NO. 11 – SYMPATHY**

Kodak objects to Ricoh's Proposed Final Jury Instruction No. 11 on the grounds that it is duplicative of Ricoh's Final Jury Instruction No. 2 and Final Jury Instruction No. 3.  In both of these instructions, Ricoh informs the jury that its decision must be impartial.  Ricoh's Instruction No. 2 states, "You are to perform the duty of finding the facts without bias or prejudice to any party."  Ricoh's Instruction No. 3 further states, "In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and

4

without fear, solely upon the evidence in the case and the applicable law." It is unnecessary to repeat this concept yet again.

## VI. OBJECTION TO RICOH'S PROPOSED FINAL JURY INSTRUCTION NO. 13 – CONFLICTING EXPERT TESTIMONY

Kodak objects to Ricoh's Proposed Final Jury Instruction No. 13 as misleading on the ground that it incorrectly suggests that the only issue to which the experts disagree is "the amount of royalties" that Ricoh owes. (*See* Ricoh Instr. No. 13 (stating that the testifying witnesses disagree as to the "amount of royalties to be paid by Ricoh to Kodak").) The amount of royalties is not the only issue on which the parties' experts disagree. Kodak submits that its Proposed Jury Instruction No. 10, which states that the parties' experts disagree as to the "amount of *damages* owed," is a more complete and accurate statement of the dispute between the experts.

## VII. CONCLUSION

For the foregoing reasons, Kodak respectfully requests that the Court reject Ricoh's Proposed Jury Instructions.

Dated: October 14, 2013

Respectfully submitted,

/s/ *Robert J. Gunther, Jr.*
Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212)230-8888

Michael J. Summersgill
Jordan L. Hirsch
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, Massachusetts 02105
Tel: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Eastman Kodak Company*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>               Plaintiff,<br><br>    v.<br><br>RICOH COMPANY, LTD.<br><br>               Defendant. | Case No. 12-CV-3109 (DLC) |

## CERTIFICATE OF SERVICE

I, Robert J. Gunther, hereby certify that on this 14th day of October, 2013 the foregoing document was served on all counsel of record electronically via ECF.

                                                    */s/ Robert J. Gunther, Jr.*

                                                    Robert J. Gunther, Jr.

ActiveUS 116941828v.1