# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br><br>RICOH COMPANY, LTD.,<br><br>      Defendants. | Civil Action No. 12-CV-3109 |

## RICOH'S OPPOSITION TO KODAK'S PROPOSED VOIR DIRE

Defendant Ricoh Company, Ltd. ("Ricoh") respectfully submits the following objections to Plaintiff Eastman Kodak Company's ("Kodak's") proposed voir dire.

Ricoh objects to Kodak's request that the Court explicitly call out to prospective jurors that Ricoh is "a Japanese company" at the start of voir dire (*see* paragraph 1). That fact is irrelevant to the selection of a jury in this case, and undue emphasis on that fact would be unfairly prejudicial to Ricoh. In addition, Ricoh objects to Kodak's request that the Court call out that Kodak's claim is for "breach of contract" at the start of voir dire (*see* paragraph 1). That fact is similarly irrelevant to the selection of a jury in this case (as the jury's only role here is to calculate royalties under the PLA), and undue emphasis on that fact would also be unfairly prejudicial to Ricoh.

Ricoh further objects to Kodak's proposed voir dire questions 12, 14, 17-20, 22-25, and 28. Those questions are unduly argumentative, and most are clearly intended for the improper purpose of priming prospective jurors to be sympathetic to Kodak's positions in this case. Moreover, many of the questions are cumulative and cumbersome, and seeking responses to them will take up a significant amount of time.

Ricoh's proposed voir dire is similar to Kodak's, except that it (i) eliminates the objectionable references in paragraph 1 of Kodak's proposed voir dire, (ii) streamlines the voir dire by eliminating Kodak's proposed questions 12, 14, 17-20, 22-25, and 29, and (iii) simplifies some of the remaining questions so that prospective jurors will be able to better understand the questions when read aloud.

Ricoh respectfully requests that its voir dire be adopted by the Court.

DATED: October 14, 2013.

By: /s/ *David Eiseman*

David Eiseman*
Philip C. Sternhell*
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, DC 20004
(202) 538-8178
davideiseman@quinnemanuel.com
philipsternhell@quinnemanuel.com

Ryan S. Goldstein*
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
ryangoldstein@quinnemanuel.com

Melissa J. Baily
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
melissabaily@quinnemanuel.com

*Admitted pro hac vice*

*Counsel for Defendant Ricoh Company, Ltd.*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY THAT, on the 14th day of October, 2013, I caused the above document to be served on all attorneys of record via electronic mail.


DATED:  October 14, 2013

                                                /s/   *Philip Charles Sternhell*