UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASTMAN KODAK COMPANY,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　v.　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　 )　　 Case No. 12-CV-03109 (DLC)
RICOH COMPANY, LTD.,　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　Defendant.　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　　　 )

## JOINT STIPULATION REGARDING OCTOBER 21, 2013 TRIAL AND DAMAGES

Eastman Kodak Company ("Kodak") filed the Complaint in the above-captioned action alleging that Ricoh Company, Ltd. ("Ricoh") failed to pay certain royalties due under the parties' May 1, 2002 Patent License Agreement. Trial is scheduled to begin on October 21, 2013. Kodak and Ricoh, by and through their counsel of record, have reached agreement to resolve certain issues and now agree and stipulate as follows:

1.　　　The only issue that remains for trial is whether Pentax Digital Single Lens Reflex ("DSLR") cameras sold with a lens are "self-contained" devices and thus meet the definition of Digital Camera provided in Section 1.2 of the Patent License Agreement.

2.　　　Ricoh agrees that all of the DSLRs for which Kodak is seeking damages are sold with a lens. Ricoh will not argue or present evidence at trial that any of the Pentax DSLRs for which Kodak is seeking damages are sold without a lens. Ricoh will not argue or present evidence at trial that any Pentax DSLR "kits" are sold without a lens. This does not preclude, however, Ricoh's ability to introduce evidence or argue at trial that Pentax DSLR bodies and lenses are also sold separately.

05231.35083/5576989.1　　　　　　　　　　　　　　1

3.      Kodak agrees that it will not seek royalties on Pentax DSLR cameras that are sold without a lens or on lenses sold alone.

4.      Ricoh agrees that none of the royalties Kodak is seeking have already been paid by any of the Pentax Original Equipment Manufacturers ("OEM") Altek, Asia Optical, and Sanyo, or by any other entity.  Ricoh agrees that it will not argue or present any evidence at trial that the OEMs have paid any such royalties.

5.      The parties stipulate that, regardless of the outcome of the trial, a final judgment will be entered in favor of Kodak in the amount of $52.95 million, itemized as follows:

a.  $24.5 million to resolve Kodak's claim for royalties due on Pentax point and shoot digital cameras (before the addition of the interest due under the Patent License Agreement);

b.  An additional $17.7 million for Pentax point and shoot digital cameras manufactured for Pentax by OEMs (before the addition of the interest due under the Patent License Agreement);

c.  An additional $1.07 million to resolve the parties' dispute about whether promotional discounts should apply to the determination of Net Sales under the Patent License Agreement and therefore can reduce royalties due to Kodak (before the addition of the interest due under the Patent License Agreement);

d.  An additional $4.85 million to resolve the parties' dispute about whether Advance Pricing Agreements, internal transfer pricing adjustments, or tax treaties should apply to the determination of Net Sales under the Patent License Agreement and therefore can reduce royalties due to Kodak (before the addition of the interest due under the Patent License Agreement); and

e.  Interest on the foregoing in the amount of $4.83 million.

6.      In addition to the stipulated amounts set forth above, the parties agree that if it is determined at trial that Pentax DSLRs sold with a lens are "self-contained" devices and thus meet the definition of Digital Camera under Section 1.2 of the Patent License Agreement, a final judgment will be entered in favor of Kodak in the amount of $75.78 million itemized as follows:

a.  $52.95 million (the total amount stipulated to pursuant to Paragraph 5 of this Agreement);

b. $17.3 million to resolve Kodak's claim for royalties due on Pentax DSLR cameras sold with a lens (before the addition of the interest due under the Patent License Agreement);

c. An additional $3.45 million to resolve the parties' dispute about whether Pentax "DSLR kits" are sold with lenses (before the addition of the interest due under the Patent License Agreement); and

d. Interest on items 7(b) and (c) in the amount of $2.08 million.

7.    During the trial, neither party will call its damages expert (for Ricoh: Dr. Brian Becker; for Kodak: Mr. Vince Thomas) as a witness.

8.    The jury will be instructed at trial that: (a) Kodak is not seeking royalties on Pentax DSLR camera bodies sold without lenses or on Pentax DSLR lenses sold without camera bodies; and (b) it has been determined that Ricoh is required to pay royalties to Kodak on Pentax's sales of point and shoot cameras and Ricoh has agreed to pay those royalties.

9.    In light of the fact that this stipulation obviates the parties' need to call certain witnesses at trial, and given witness scheduling issues, the parties will jointly request that the first witness will not be called until the afternoon of October 21, 2013.

10.    Both parties reserve their appellate rights as to liability issues; issues resulting from the Court's rulings during the October 17, 2013 Pre-Trial Conference; and issues arising from the forthcoming trial, which as a result of this Joint Stipulation, shall be limited as set forth in Paragraph 1 of this Joint Stipulation.

11.    Notwithstanding the appellate rights of the parties as set forth in Paragraph 10 of this Joint Stipulation, the stipulated dollar amounts set forth in Paragraph 5(a), (c), and (d) above (plus the corresponding amount of interest set forth in Paragraph 5(e)) are not subject to appeal by either side. However, in the event that the Court's partial summary judgment ruling in its August 9, 2013 Opinion and Order is reversed or vacated, in whole or in part, the stipulated dollar amounts set forth herein will be of no force or effect in further proceedings in this action,

except that the stipulated damages associated with any issue that is affirmed on appeal will remain in full force and effect. For example, if the Court's ruling that Ricoh is required to pay royalties on sales of Pentax point and shoot digital cameras is affirmed, Ricoh will pay the amounts set forth in Paragraph 5(a), (c), and (d) above (plus the corresponding amount of interest set forth in Paragraph 5(e)) regardless of whether other portions of the Court's partial summary judgment ruling are reversed or vacated.

12.     With respect to the stipulated dollar amount set forth in Paragraph 5(b), if the Court's ruling that Ricoh is required to pay royalties on sales of Pentax point and shoot digital cameras is affirmed and if the Court's OEM rulings at the October 17, 2013 Pre-Trial Conference are affirmed, Ricoh will also pay the amounts set forth in Paragraph 5(b) above (plus the corresponding amount of interest set forth in Paragraph 5(e)) regardless of whether other portions of the Court's partial summary judgment ruling are reversed or vacated. The provisions of this paragraph are subject to Ricoh's rights to seek to modify, vacate, or obtain other relief from judgment with respect to the stipulated dollar amount set forth in Paragraph 5(b) under the Federal Rules of Civil Procedure, Federal Rules of Appellate Procedure, and/or other applicable authorities with respect to any payments that Altek, Asia Optical, and/or Sanyo make to Kodak to the extent such payments represent payments on Pentax digital cameras.

13.     Nothing in this stipulation waives Kodak's right to seek post-judgment interest pursuant to New York law on the amount of the final judgment that is entered.

05231.35083/5576989.1                                  4

COUNSEL FOR PLAINTIFF,
EASTMAN KODAK COMPANY

Robert J. Gunther, Jr.
Wilmer Cutler Pickering Hale & Dorr, LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
robert.gunther@wilmerhale.com

Michael J. Summersgill
Jordan L. Hirsch
Wilmer Cutler Pickering Hale & Dorr, LLP
60 State Street
Boston, MA 02106
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com

Dated:  October 20, 2013

COUNSEL FOR DEFENDANT,
RICOH COMPANY, LTD.

David Eiseman
Philip C. Sternhell
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, DC 20004
(202) 538-8178
david.eiseman@quinnemanuel.com
philipsternhell@quinnemanuel.com

Christopher Tayback
Ryan S. Goldstein
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
christayback@quinnemanuel.com
ryangoldstein@quinnemanuel.com

Melissa J. Baily
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
melissabaily@quinnemanuel.com

Dated:  October 20, 2013

**SO ORDERED:**

Dated: _____

_____
Denise L. Cote
United States District Judge