UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>     Plaintiff,<br><br>  v.<br><br>RICOH COMPANY, LTD.<br><br>     Defendant. | Case No. 12-CV-3109 (DLC) |

### RICOH'S MOTION TO STRIKE TRIAL TESTIMONY OF KODAK'S EXPERT WITNESS DR. KANNAN RAMCHANDRAN THAT WAS NOT DISCLOSED IN HIS EXPERT REPORT

  Defendant Ricoh Company, Ltd. ("Ricoh") respectfully requests that the Court strike certain trial testimony of Kodak's expert witness Dr. Kannan Ramchandran that was not disclosed in his expert report. At trial, Dr. Ramchandran twice offered opinions on whether DSLR camera bodies and lenses "*sold together as one box*" or "*sold in the same package*" are "self-contained" and meet the definition of "Digital Camera" in Section 1.2 of the PLA. Ricoh objected to both instances of this testimony as outside of the scope of Dr. Ramchandran's expert report; however, the Court sustained only the first objection and overruled the second.

  In his expert report, Dr. Ramchandran's opinions on this issue were limited to whether DSLR cameras are self-contained when "*the lens is attached as intended*." Dr. Ramchandran did not express *any* opinions in his report regarding DSLR camera bodies and lenses sold together in the "same box" or "same package." Because Dr. Ramchandran did not disclose these opinions anywhere in his expert report, and because that failure was neither substantially justified nor harmless, Dr. Ramchandran's trial testimony regarding those new opinions should be stricken.

1

I.     STATEMENT OF FACTS

During the testimony of Dr. Ramchandran, Ricoh made three separate objections on the grounds that Dr. Ramchandran's testimony is beyond the scope of his report.  Two of these objections—the first and third—were in response to testimony on the same subject matter:  Dr. Ramchandran's opinion as to whether DSLR camera bodies and lenses "*sold together as one box*" or "*sold in the same package*" are "self-contained" and meet the definition of "Digital Camera."

Although the first and third objections were on the same grounds and directed to testimony on the same subject matter, the Court sustained only the first objection and overruled the third.  For comparison, the table below sets forth the objectionable testimony:[1]

| Transcript at Objection 1, *Sustained* | Transcript at Objection 3, *Overruled* |
|---|---|
| Q. Sir, have you reached any conclusions as to whether those two types of products include the elements of the digital camera definition in section 1.2 of the PLA?<br>A. Yes, I have.<br>Q. What have you concluded?<br>A. Well, with regard to the point-and-shoot cameras, they certainly meet the elements of the definition, and I understand there is no dispute of that. With regard to the DSLR cameras, and focusing on the case *where the DSLR cameras are sold in kits where the lens and the camera body are sold together as one box*, in those cases, I have concluded that they do meet -- both DSLR cameras sold in that fashion -- do meet the elements of the definition of the PLA.<br><br>(Rough Trial Tr. (Day 1) at 109:5-18.) | Q. … Now, sir, you said that the DSLR models you studied are all those *where the camera body and the lens are sold in the same package*. In your opinion, are those DSLR models self-contained under the definitions on the screen?<br>* * *<br>Q. Let me see if I can reframe the question for you. We have got the definition of self-contained up on the screen, the two definitions that we're utilizing in connection with this case. And sir, my question is, you testified that you studied DSLR models *in which the camera, body and this lens are sold together in the same package*.  Do those models that you have studied, do they meet the definition of self-contained that we have up on the screen?<br>A. Yes, they do.<br><br>(Rough Trial Tr. (Day 1) at 137:3–138:3.) |

---

[1] The full text of all three passages where Ricoh objected as being outside the scope, along with the excerpts of the report cited by Kodak, are collected and attached hereto as Attachment A.

As summarized above, the first objection occurred when Kodak's counsel asked Dr. Ramchandran his opinion as to whether the DSLR cameras at issue in this case meet the definition of "digital camera" in Section 1.2 of the PLA.  Dr. Ramchandran responded:

> With regard to the DSLR cameras, *and focusing on the case where the DSLR cameras are sold in kits* **where the lens and the camera body are sold together as one box**, in those cases, I have concluded that they do meet—both DSLR cameras sold in that fashion—do meet the elements of the definition of the PLA.

Trial Tr. 109:13-18 (emphasis added).  Ricoh objected to this as beyond the scope of Dr. Ramchandran's report, which does not offer an opinion as to whether a DSLR camera body and lens meet the definition of "Digital Camera" when "sold together as one box."

Indeed, in response to this objection, Kodak directed the Court to paragraph 21 of Dr. Ramchandran's report, which does not discuss DSLR camera bodies and lenses packaged together.  Instead, that paragraph reads:

> Based on my experience and the materials I have reviewed in this case, it is my opinion that all of the Pentax DSLR cameras sold between May 1, 2002 and April 30, 2012 also include—***when the lens is attached as intended***—the technical elements set forth in the "Digital Camera" definition, and therefore, are Digital Cameras under the PLA.

Ramchandran Report at ¶ 21 (emphasis added).  In view of this, the Court properly sustained Ricoh's objection and ordered that testimony stricken from the record.

Later during his direct, Kodak asked Dr. Ramchandran a question designed to elicit *identical testimony* as that previously struck (just swapping in "same package" for "one box"):

> Now, sir, you said that the DSLR models you studied are all those where the camera body and the lens ***are sold in the same package***.  In your opinion, are those DSLR models self-contained under the definitions on the screen?

Trial Tr. at 137:3-7 (emphasis added).  Ricoh again objected as beyond the scope of Dr. Ramchandran's expert report, which no more disclosed this opinion now as it did before.

3

In response, Kodak initially referred the Court to paragraphs in Dr. Ramchandran's report that simply set forth the definition of "self-contained" used by Dr. Ramchandran in formulating his opinion and that do not disclose whether DSLR camera bodies and lenses "sold together as one box" or "sold in the same package" in fact *meet* that definition of "self-contained."

Kodak then cited additional paragraphs from Dr. Ramchandran's report. But these paragraphs likewise fail to disclose any basis for Dr. Ramchandran's testimony (and there is no basis for that testimony anywhere in Dr. Ramchandran's report). Like the paragraphs cited by Kodak in response to the first objection (which the Court sustained), these paragraphs disclose Dr. Ramchandran's separate opinion that Pentax's DSLR cameras "*with their lenses attached as intended*" are "Digital Cameras" as defined in the PLA.

An opinion about whether DSLR camera bodies and lenses "*sold together as one box*" or "*sold in the same package*" are "self-contained" is entirely absent from Dr. Ramchandran's report, and therefore both instances of his trial testimony on this topic should be stricken.

## II.     LEGAL STANDARDS

Under Fed. R. Civ. P. Rule 26(a)(2)(B), an expert report must "contain a complete statement of all opinions to be expressed and the basis and reasons thereof [and] the data or other information considered by the witness in forming the opinion." Accordingly, at trial an expert cannot provide testimony that exceeds the bounds of his report, unless the failure to disclose such information in his report "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III.    ARGUMENT

Having evidently realized, on the eve of trial, that the disclosed opinions of its expert Dr. Ramchandran were insufficient, Kodak sought to introduce new and undisclosed testimony from him on the witness stand. While Kodak's first attempt to introduce that improper testimony was

4

correctly rejected, its second attempt was allowed.  But *all* such undisclosed expert testimony should be excluded.  Under Fed. R. Civ. P. Rules 26(a)(2)(B) and 37(c)(1), both instances of Dr. Ramchandran's trial testimony about whether DSLR camera bodies and lenses sold "as one box" or "in the same package" are "self-contained" should be stricken.  *See, e.g.*, *Ferriso v. Conway Org.*, 93-civ-7962, 1995 WL 580197, at *2 (S.D.N.Y. Oct. 3, 1995) (affirming magistrate's order "directing that the trial testimony of plaintiff's expert [] be confined to the opinions expressed in her report"); *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 05-civ-9546, 2007 WL 4157163, at *6 (S.D.N.Y. Nov. 16, 2007) (finding that a party is "not free to continually bolster, strengthen, or improve their reports" through late disclosure).

While a request for exclusion may be denied if the failure to disclose information was substantially justified or is harmless, neither is true here.  *See* Fed. R. Civ. P. 37(c)(1); *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 155-56 (S.D.N.Y. 2003).  There can be no dispute that Kodak knew the question of whether a DSLR camera body and lens is a "self-contained device" is of central importance months before it submitted the report of Dr. Ramchandran.  A "Digital Camera" is defined to be a "self-contained device" in the PLA, which Kodak relied on in bringing its claims.

Moreover, even in the (unlikely) case that Kodak did not realize the importance of whether a DSLR camera body and lens is a "self-contained device" until reading Mr. Fasano's report, Kodak had over three months from then until trial to file a supplemental report (as it did twice with its damages expert Mr. Thomas).  But Kodak did not do that.  And so there can be no justification for Kodak to now offer new expert opinions by way of trial testimony.

Indeed, that Kodak waited until the very moment of trial to spring Dr. Ramchandran's new opinions on Ricoh compounds the prejudice to Ricoh if those opinions are admitted.  And

5

such harm is precisely what Rules 26(a)(2)(B) and 37(c)(1) are designed to prevent. As the Southern District has explained:

> The interest served by requiring the disclosure of expert opinions is self evident. It is to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross-examination. By "locking" the expert witness into what Fed. R. Civ. P. 26(a)(2)(B) calls "a complete statement of all opinions to be expressed and the basis and reasons therefor," the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and to prepare for cross-examination and rebuttal. When the expert supplements her report by addressing a new matter after discovery has ended, the very purpose of the rule is nullified.

*Sandata*, 2007 WL 4157163, at *4 (quoting *Coles v. Perry*, 217 F.R.D. 1, at *4 (D.D.C. 2003)); *see also* Fed. R. Civ. P. 26(a)(2), 1993 Adv. Comm. Note (Rule intended to "impose an additional duty to disclose information concerning expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.").

Here, Dr. Ramchandran limited his opinions in his expert report to whether DSLR cameras are self-contained when "***the lens is attached as intended***." Dr. Ramchandran did not express ***any*** opinions in his report regarding DSLR camera bodies and lenses sold together in the "***same box***" or "***same package***." Dr. Ramchandran should not be allowed to lay out these opinions for the first time on the witness stand, and it is far too late now to entertain any thought of a supplemental report or deposition. Dr. Ramchandran's improper trial testimony should therefore be stricken.

## IV.   CONCLUSION

For the foregoing reasons, the trial testimony of Kodak's expert witness Dr. Kannan Ramchandran that was not disclosed in his expert report (specifically, Rough Trial Tr. (Day 1) at 137:3-138:3) should be stricken from the record.

DATED:  October 22, 2013

By: /s/ *David Eiseman*

David Eiseman*
Philip C. Sternhell*
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, DC 20004
(202) 538-8178
davideiseman@quinnemanuel.com
philipsternhell@quinnemanuel.com

Christopher Tayback*
Ryan S. Goldstein*
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
ryangoldstein@quinnemanuel.com

Melissa J. Baily
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
melissabaily@quinnemanuel.com

*Admitted pro hac vice*

*Counsel for Defendant Ricoh Company, Ltd.*

**ATTACHMENT A**

| Transcript of Objection 1 | Cited Authority by Plaintiff |
|---|---|
| Q. Sir, have you reached any conclusions as to whether those two types of products include the elements of the digital camera definition in section 1.2 of the PLA?<br> A. Yes, I have.<br>Q. What have you concluded?<br> A. Well, with regard to the point-and-shoot cameras, they certainly meet the elements of the definition, and I understand there is no dispute of that. With regard to the DSLR cameras, and focusing on the case where the DSLR cameras are sold in kits where the lens and the camera body are sold together as one box, in those cases, I have concluded that they do meet -- both DSLR cameras sold in that fashion -- do meet the elements of the definition of the PLA.<br> MR. TAYBACK: Objection; beyond the scope of the report.<br>THE COURT: Counsel, do you have a copy of the report to hand me and a section of it for me to consider?<br>MR. GUNTHER: Yes, your Honor. Your Honor, I have two things, and let me hand this up to you first, if I may.<br>THE COURT: Which page?<br>MR. GUNTHER: Your Honor, if you take a look at paragraph 21. And I apologize, I don't have a page number, but paragraph 21.<br>MR. TAYBACK: Page four, your Honor.<br>THE COURT: Excuse me. Besides also paragraph 21?<br>MR. GUNTHER: Also, in his deposition -- .<br>THE COURT: No, in paragraph 21, is there anything else from the report?<br>MR. GUNTHER: Your Honor, that's the citation to the report.<br>THE COURT: Thank you. The testimony is stricken. Thank you. So, the jury shall disregard the last question and answer.<br>BY MR. GUNTHER:<br>Q. Now, sir, in terms of the Pentax --<br>MR. GUNTHER: Your Honor, can I ask is it | 21. Based on my experience and the materials I have reviewed in this case, it is my opinion that all of the Pentax DSLR cameras sold between May 1, 2002 and April 30, 2012 also include—when the lens is attached as intended—the technical elements set forth in the "Digital Camera" definition, and therefore, are Digital Cameras under the PLA.<br><br> Ramchandran Report at p. 4, ¶ 21 (emphasis added). |

| | |
|---|---|
| possible for me to get that back. That was my only copy of the report?<br>THE COURT: Certainly. Certainly.<br>BY MR. GUNTHER:<br>Q. Sir, have you reviewed the models of Pentax DSLR cameras that were sold by Pentax between May of 2002 and April of 2012?<br>A. Yes, I have.<br>Q. And, sir, have you reached any conclusion with -- as to whether those DSLR cameras when the lens is attached whether they satisfy the digital camera definition set forth in the PLA?<br>A. I have.<br>Q. What is your conclusion?<br>A. My conclusion is when the lens is attached they do satisfy the elements of the digital camera definition of the PLA.<br><br>Trial Tr. 109:5-111:13 (rough) (emphasis added). | |

| Transcript of Objection 2 | Cited Authority by Plaintiff |
|---|---|
| Q.  Can we put up Plaintiff's Demonstrative Exhibit 309.  In terms of self-contained which is one of the elements of the digital camera definition, I've put up the definitions that are being used in this case for self-contained. Sir, are those definitions consistent with the definitions of self-contained that you've applied in this case? <br> MR. TAYBACK:  Objection; beyond the scope of the report. <br> THE COURT:  I'm going to need that report back. <br> MR. GUNTHER:  Yes, ma'am.  If I can get to part of it before I give it to you, your Honor. <br> THE COURT:  Sure. <br> MR. GUNTHER:  I would direct the Court's attention to paragraph 58 which is on page 14 of the expert report where it's talked about self-contained.  And your Honor, there was further elaboration on that which I can get into if the Court requires, your Honor, the definitions on the screen. <br> THE COURT:  Overruled. <br> MR. GUNTHER:  Thank you, your Honor. <br> THE COURT:  I read the next several paragraphs. <br> MR. GUNTHER:  Thank you, your Honor. <br> THE WITNESS:  Can you repeat the question I forgot the question. <br> BY MR. GUNTHER: <br> Q.  If question is we have put up the definitions of self-contained that are being used in connection with this case.  And my question is, is that consistent with your understanding of self-contained that you've applied in your work? <br> A.  Yes, it is.  It is largely very similar to what I applied in my report. <br><br> Trial Tr. 131:1-132-7 (rough) (emphasis added). | 58. I understand that Kodak contends that "self-contained" means "containing within itself all necessary parts."  In the context of the PLA, therefore, I understand that Kodak contends that "self-contained" means a camera that contains within itself all of the required elements of the "Digital Camera" definition of Section 1.2 of the PLA; namely, a camera with (1) an area image sensor having at least 300,000 pixels; (2) electronics and optical elements that capture still or motion images of visible radiation; and (3) the capability of recording a digital signal representing such images on a removable digital storage media or storing at least two such images in internal memory. <br><br> 59. I understand that Ricoh contends that "self-contained" means "containing within itself all parts necessary for completion," and that the camera must have a "single housing containing within itself every part needed to take a photograph." <br><br> 60. Although these definitions are very similar, in my opinion, the Optio H90 (and all of Pentax's point and shoot digital cameras) is "self-contained" under either definition because it has all of the required elements contained within itself, as explained below. <br><br>  Ramchandran Report at p. 14-15, ¶ 58-60 (emphasis added). |

| Transcript of Objection 3 | Cited Authority by Plaintiff |
|---|---|
| Q.  If we could, let's go back and put up Plaintiff's Demonstrative Exhibit 309, and that has the definitions of self-contained that we are utilizing for purposes of this case.  Now, sir, you said that the DSLR models you studied are all those where the camera body and the lens are sold in the same package. In your opinion, are those DSLR models self-contained under the definitions on the screen? <br> MR. TAYBACK:  Objection; beyond the scope of his report, those in the box. <br> MR. GUNTHER:  I would focus your Honor again on the self-contained portion of the report that I can hand it up again, and it would start at 58 and go on for the next couple of paragraphs, I believe.  Your Honor, it picks up with DSLR starting paragraph 72 on page 19, and then paragraph 77 is the self-contained. <br> THE COURT:  Overruled. <br> BY MR. GUNTHER: <br> Q.  Do you remember the question? <br> A.  No, I don't remember. <br> Q.  Let me see if I can reframe the question for you. We have got the definition of self-contained up on the screen, the two definitions that we're utilizing in connection with this case.  And sir, my question is, you testified that you studied DSLR models in which the camera, body and this lens are sold together in the same package.  Do those models that you have studied, do they meet the definition of self-contained that we have up on the screen? <br> A.  Yes, they do. <br> Q.  Can you explain why? <br> A.  Yes.  First, it's based on my many years of experience working with digital imaging technologies and technologies that underlie digital cameras like this, but with that kind of high-level view, there are three specific reasons I can give you why I maintain this position. One is that complete -- this camera, once I have attached the lens to the camera, which came in the box sitting next to each other, it has all the components that I need for | 58. I understand that Kodak contends that "self-contained" means "containing within itself all necessary parts."  In the context of the PLA, therefore, I understand that Kodak contends that "self-contained" means a camera that contains within itself all of the required elements of the "Digital Camera" definition of Section 1.2 of the PLA; namely, a camera with (1) an area image sensor having at least 300,000 pixels; (2) electronics and optical elements that capture still or motion images of visible radiation; and (3) the capability of recording a digital signal representing such images on a removable digital storage media or storing at least two such images in internal memory. <br><br> 59. I understand that Ricoh contends that "self-contained" means "containing within itself all parts necessary for completion," and that the camera must have a "single housing containing within itself every part needed to take a photograph." <br><br> 60. Although these definitions are very similar, in my opinion, the Optio H90 (and all of Pentax's point and shoot digital cameras) is "self-contained" under either definition because it has all of the required elements contained within itself, as explained below. <br><br> 72. Just as I did with Pentax's point and shoot digital cameras, for purposes of my analysis in this report, I selected a representative DSLR model—the Pentax K-x. The K-x was introduced in 2009 and has been one of Pentax's best-selling DSLR cameras. As part of my analysis, I examined and used a physical model of the K-x, as well as documentation |

| | |
|---|---|
| it to be complete, meaning it has everything I need to take a picture as I just demonstrated in the court a few minutes ago. So, it's certainly complete once I've attached the lens to the body and it came in the box sitting next to each other. That's reason one. Reason two, is that it was intended to be attached, the camera body was intended to be attached to the lens. That's why it came in the same box, and that's why the operating manual goes through this step by step. The first step of doing it is how to attach the lens, so that's point two. Point three is that there is deposition testimony of Ricoh's witnesses that support my position.<br><br>Trial Tr. 136:25-138:25 (rough) (emphasis added). | describing the components, features and functionality of the K-x, including the operating manual, service manual and service parts list. Based on my review of the Pentax documents set forth in Appendix D, all of the 21 Pentax DSLR cameras at issue in this case have the same technical features which are described below in connection with the K-x.<br><br>73. In my opinion, the representative K-x DSLR camera, ==with its lens attached as intended (and all of the Pentax DSLR cameras with their lenses attached as intended)== meets each of the required elements of the Digital Camera definition in the PLA.<br><br>…<br><br>77. The K-x camera, ==with the lens attached as intended (and all of Pentax's other DSLR cameras with the lens attached as intended)==, meets both Kodak and Ricoh's definitions of self-contained because each of the required technical elements of the Digital Camera definition are contained within the camera, as described below.<br><br>Ramchandran Report at pp. 14-15 & 19-21, ¶ 58-60, 72-73, 77 (emphasis added). |