WILMERHALE

November 8, 2013

**Michael J. Summersgill**

+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

<u>Via ECF</u>

Honorable Denise L. Cote
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Eastman Kodak Company v. Ricoh Company, Ltd.*, Action No. 1:12-cv-03109-DLC-GWG (S.D.N.Y.)

Dear Judge Cote:

      Eastman Kodak Company ("Kodak") respectfully submits this response to Ricoh Company Ltd.'s ("Ricoh's") November 8, 2013 request to extend the deadline for Ricoh to post a security to stay the Court's final judgment. (Dkt. No. 203.)

      Federal Rule of Civil Procedure 62 specifically requires the defendant to pay a judgment or post a security to stay a judgment within *14 days* of entry of judgment. Fed. R. Civ. P. 62(a), (d). Under this rule, Ricoh must post a security or pay the judgment no later than November 20, 2013. (Final Judgment, Nov. 6, 2013, Dkt. 203.) Ricoh has not set forth any sufficient basis to delay this deadline.

      Ricoh has been aware of its obligation to post a Rule 62 security since October 23— *nearly three weeks ago*—when the jury reached its trial verdict. Moreover, Ricoh still has more than 10 days to post a security. This is more than sufficient time. Ricoh's assertion that an extension of the Rule 62 deadline would not harm Kodak is also wrong. The Federal Rules are explicit that Kodak is entitled to payment or assurance of payment of the judgment by November 20, 2013. Any delay in providing such payment or assurance prejudices Kodak. This is precisely why the Southern District of New York has rejected similar requests to extend the Rule 62 deadline in the past. *See Morse/Diesel, Inc. v. Trinity Indus., Inc.*, 875 F. Supp. 165, 181-82 (S.D.N.Y. 1994) (denying request to extend stay of judgment execution where defendants failed to cite case law supporting a departure from the Rule 62 deadlines and defendants were on notice of its obligation to post a security "since the jury rendered its verdict"). Ricoh's request similarly should be denied.

WILMERHALE

Page 2

Respectfully submitted,

Michael J. Summersgill

cc: David Eiseman (by ECF)
    Philip Charles Sternhell (by ECF)
    Robert J. Gunther (by ECF)
    Jordan L. Hirsch (by ECF)

ActiveUS 117654659v.5