**MEMO ENDORSED**

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
(415) 875-6314

WRITER'S INTERNET ADDRESS
davideiseman@quinnemanuel.com

November 8, 2013



**VIA ECF**

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

    Re:   *Eastman Kodak Company v. Ricoh Company, Ltd.*, No. 12-cv-3109 (DLC)

Dear Judge Cote:

Ricoh Company, Ltd. ("Ricoh") requests an extension of time to December 20, 2013, in which to come to appropriate terms with Eastman Kodak Company ("Kodak") for securing Ricoh's obligations under the judgment entered by this Court on November 6, 2013 pending disposition of Ricoh's post-trial motions and appeal.

Under Federal Rule of Civil Procedure 62(a), any execution of the judgment, as well as proceedings taken to enforce the judgment, are stayed until November 20, 2013. As Ricoh indicated following the Court's denial of Ricoh's Rule 50(a) motion on October 23, 2013, Ricoh intends to renew its motion for judgment as a matter of law pursuant to Rule 50(b). Concurrent with its Rule 50(b) motion, Ricoh intends to move for a stay of proceedings to enforce the judgment under Rule 62(b). In addition, Ricoh intends to move at an appropriate time for a stay under Rule 62(d).

As communicated to Kodak, Ricoh will post security in an amount equal to 111% of the judgment in accordance with practice in the Southern District of New York and Rules 62(b) and 62(d). Ricoh may, however, require additional time beyond November 20, 2013 to locate an appropriate surety company and to prepare and execute the paperwork necessary.

In addition, Ricoh is discussing with Kodak the possibility of posting a letter of credit, with terms subject to the approval of the Court, that would secure Kodak's interests while reducing the financial burden on Ricoh (and thus to Kodak should Ricoh prevail on its post-trial motions or appeal). Kodak has indicated it may be willing to accept such a letter of credit in lieu of a supersedeas bond subject to its review and approval of the specific terms of the letter of credit. Ricoh may, however,

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

require additional time beyond November 20, 2013 to negotiate the terms of the letter with Kodak and to request approval of those terms by this Court.

Earlier this week, Ricoh asked Kodak to agree to the requested extension. Kodak was unwilling to do so. According to Kodak's counsel, Kodak did not want to suggest by agreeing to the extension that there is merit to Ricoh's upcoming Rule 50 motion or that Ricoh should not be required to post security pending appeal. In response, Ricoh's counsel pointed out that Ricoh's request was not tied to the Court's decision on Ricoh's Rule 50 motion and that Ricoh fully intended to post security pending appeal; instead, Ricoh was simply requesting the extension in the event it needed more time to arrange for the posting of such security. Kodak, however, maintained its unwillingness to agree to an extension.

Kodak has not identified any prejudice it would suffer—because there would be none—if the Court grants Ricoh's request. As described above, Ricoh will post security sufficient to trigger a stay of enforcement under Rules 62(b) and 62(d). Ricoh merely seeks an extension of time to secure and post a supersedeas bond or to come to mutually agreed terms with Kodak regarding a letter of credit.

In light of the foregoing, Ricoh requests that it be granted an extension to post the requisite security to stay enforcement of the judgment pending appeal until December 20, 2013.

Respectfully submitted,

David Eiseman

*Denied.*

*Denise Cote*
11/12/13

cc: Robert Gunther, Jr. (via electronic mail)
Michael Summersgill (via electronic mail)

2