## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-3109 (DLC) |
| ) | |
| RICOH COMPANY, LTD. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## RICOH'S MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

The jury in this case was tasked with determining whether any DSLR sold by Pentax met the definition of Digital Camera set forth in the Patent License Agreement between Plaintiff Eastman Kodak Company ("Kodak") and Ricoh Company, Ltd. ("Ricoh").  On that subject, Kodak adduced the following evidence at trial:  (i) a DSLR cannot meet the definition of Digital Camera unless the lens is attached to the body and (ii) Pentax never sold a DSLR with a lens attached to a body.  Kodak thus proved that Pentax DSLRs do *not* fall within the scope of the PLA.

Accordingly, not only did Kodak fail to adduce any evidence to meet its burden of proof that Pentax DSLRs are covered by the PLA, but Kodak proved *Ricoh's* position that those DSLRs are *not* covered by the PLA.  Judgment should, therefore, be entered in favor of Ricoh as a matter of law.

## I.      LEGAL STANDARD AND SUMMARY OF ARGUMENT

Judgment as a matter of law may be granted under Federal Rule of Civil Procedure 50 if "the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a

reasonable juror to find in [the opposing party's] favor." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp*., 136 F.3d 276, 289 (2d Cir. 1998).  A Rule 50 motion should be granted where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against the moving party." *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000).  Such is the case here.

The sole issue that the jury was tasked with deciding was whether a DSLR sold by Pentax fell within the scope of the PLA entered into by Ricoh and Kodak.  There was no dispute regarding the relevant contract provisions, and there was no claim that those provisions are ambiguous.  Those provisions require that, to fall within the scope of the PLA, a Pentax DSLR must be "a self-contained device" when "first placed in commercial use."  (Exhibit 1 [Plaintiff's Trial Exhibit 1], at ¶¶ 1.2, 1.12, 4.3.)  And the parties agreed that "a self-contained device" is a device that is "complete in itself" or a device that is "complete, or having all that is needed, within itself."  (*E.g.*, Exhibit 2 [Trial Transcript] at 34:21-24.)

Thus, it was Kodak's burden to prove at trial that a Pentax DSLR was a self-contained device—a device complete within itself—when it was first placed in commercial use.  But Kodak offered ***no*** evidence to support such a finding by the jury.  Although Kodak did offer evidence that a DSLR is a self-contained device when a lens is attached to a body, it was undisputed that Pentax never sold a DSLR with a lens attached to a body.  Pentax only sold DSLRs with unattached lenses and bodies, and Kodak never offered ***any*** evidence that a DSLR with an unattached lens and body is a self-contained device.  To the contrary, Kodak's evidence was that a DSLR with an unattached lens and body is ***not*** a self-contained device.

There was thus a complete failure of proof by Kodak, and a "complete absence of evidence" to support a jury verdict in favor of Kodak.   Indeed, **both** Kodak's **and** Ricoh's evidence was entirely "in favor of" Ricoh's position.   Accordingly, Ricoh is entitled to judgment as a matter of law here.   *Diesel*, 232 F.3d at 103.

## II.   KODAK PRESENTED EVIDENCE THAT A DSLR MUST HAVE A LENS ATTACHED TO A BODY IN ORDER TO BE A SELF-CONTAINED DEVICE WITHIN THE SCOPE OF THE PLA

Kodak's evidence at trial was that a DSLR falls within the scope of the PLA **only when a lens is attached to a body**.   On this point, Kodak presented the live testimony of its expert Dr. Kannan Ramchandran and the deposition testimony of Pentax's Mr. Kiyoshi Kawano.

Dr. Ramchandran was asked to summarize his opinion in this case at the start of his direct examination:

> Q.   And, sir, have you reached any conclusion with – as to whether those DSLR cameras, **when the lens is attached**, whether they satisfy the digital camera definition set forth in the PLA?
>
> A.  I have.
>
> Q.  What is your conclusion?
>
> A.   My conclusion is **when the lens is attached**, they do satisfy the elements of the digital camera definition of the PLA.

(*Id.* [Ramchandran Direct] at 111:6-13.)   Dr. Ramchandran reiterated his opinion regarding whether and when a DSLR may be considered a self-contained device numerous times during his direct examination, each time making clear that a DSLR is a self-contained device only once a lens is attached to a body:

- "This camera, **once I have attached the lens to the camera**, which came in the box sitting next to each other, it has all the components that I need for it to be complete, meaning it has everything I need to take a picture as I just demonstrated in the court a few minutes ago.  So it's certainly complete **once I've attached the lens to the body** and it came in the box sitting next to each other."   (*Id.* [Ramchandran Direct] at 138:10-16.)

- "The box that I purchased had the lens and the body sitting next to each other in the box, and *when I attached the lens to the box – to the body of the camera*, I have a fully functional operational digital camera that satisfies the elements of the definition." (*Id.* [Ramchandran Direct] at 139:16-20.)

- "So the Pentax DSLR cameras that I studied, *when you have the lens attached to the body*, as I was demonstrating yesterday, have all the components needed to take a complete picture, a digital – it satisfied the conditions for a digital camera. . . .  When you have all three elements that we went through in the technical overview, then the DSLR camera *with the lens attached to the body* satisfies all of those, and that renders it complete in the sense of the self-contained definition." (*Id.* [Ramchandran Direct] at 166:25-167:16.)

On cross-examination, Dr. Ramchandran confirmed that a lens "*must* be attached" to a DSLR body before a DSLR can be considered a self-contained device and meet the requirements of the PLA:

> Q.  Isn't it true that your opinion – that we have just covered, your opinion yesterday, your opinion today, the several times you mentioned it in your report – *require that for it to be a digital camera, the components, the lens and the body, must be attached*; that's correct, right?
>
> A.  That is correct.

(*Id.* [Ramchandran Cross] at 171:11-16.)

Kodak offered the deposition testimony of Pentax's Mr. Kawano to make the very same point—namely, that a DSLR must have a lens attached in order to take a picture and thus be considered a self-contained device:

> Q.  *Once you attach the lens to the camera*, you have a complete camera, right?
>
> A.  What do you mean by complete?
>
> Q.  *Once you attach the lens to a single-lens reflex camera*, you can take a picture, correct?
>
> A.  That's correct, in the sense that you can take a photo, yes.
>
> . . .
>
> Q.  So in order to take a photo, the Pentax SLR *needs to have a lens attached*, correct?

4

A.  That's correct.

(*Id.* [Kawano Deposition] at 87:21-88:2, 89:25-90:2.)   Dr. Ramchandran opined that Mr. Kawano's "testimony confirms that we have been demonstrating for the last few minutes, that **once you attach the lens to the camera**, you have all the components you need to take a picture and you don't need anything else.  It's complete."  (*Id.* [Ramchandran Direct] at 145:7-20.)

Indeed, with respect to the testimony on this subject, the Court observed that Dr. Ramchandran "testified over and over and over again, as he did in his report, that when they're attached, they can take a picture."  (*Id.* [Trial Transcript] at 162:13-18.)  The Court further noted that "[t]hroughout his expert report [Dr. Ramchandran] indicates that they must be attached to meet the definition, and that's been his testimony at trial."  (*Id.* [Trial Transcript] at 164:19-21.)

Kodak's evidence at trial was undisputed:  a lens and body "must be attached" to meet the definition of Digital Camera in the PLA.  And because a lens and body **must** be attached to meet that definition, a lens and body that are not attached cannot meet that definition.

## III.    PENTAX NEVER SOLD A DSLR WITH A LENS ATTACHED TO A BODY

Although Kodak's position was that a lens "must be attached" to a body in order for a DSLR to fall within the scope of the PLA, Kodak never presented any evidence that Pentax sold a DSLR with a lens attached to a body.  The undisputed evidence was exactly the opposite: Pentax never sold a DSLR with a lens attached to a body.

Mr. Kazumichi Eguchi—the general manager of Ricoh Imaging's marketing department and formerly of Pentax (*Id.* [Eguchi Direct] at 208:19-210:24)—testified that Pentax never sold a DSLR with a lens attached to a body during the relevant time period:

Q.  Since 2002, has Pentax ever sold any DSLR camera body with the lens attached?

A.  No, we do not.

(*Id.* [Eguchi Direct] at 208:19-210:24.)   Kodak never offered any evidence to dispute Mr. Eguchi's testimony.

Dr. Ramchandran testified that he studied only one Pentax DSLR, marked as Trial Exhibit 48, and that the one DSLR he studied was representative of the other Pentax DSLRs at issue.  (*Id.* [Ramchandran Direct] at 19:18-25, 127:1-128:1.)  Dr. Ramchandran testified on both direct and cross that the lens and body of Exhibit 48 were not attached when he purchased the DSLR.   (*Id.* [Ramchandran Direct] at 127:1-128:1; [Ramchandran Cross] at 170:8-13.) Moreover, Dr. Ramchandran confirmed on cross examination that he was not aware of any instance in which Pentax ever sold a DSLR with the lens attached to the body:

> Q. My question is a little broader than just the one you studied.  You have no reason to believe Pentax has ever sold, at any point in time, a DSLR camera body and a DSLR camera lens attached, correct?
>
> A. I have no reason to believe.

(*Id.* [Ramchandran Cross] at 169:18-22.)

Thus, the undisputed evidence was that Pentax never sold a DSLR with a lens attached to a body.  And, as described above, the undisputed evidence was that a DSLR does not meet the definition of a Digital Camera ***unless*** a lens is attached to a body.  Kodak thus proved that Pentax DSLRs do ***not*** fall within the scope of the PLA.

## IV.   NO OTHER EVIDENCE PRESENTED BY KODAK IS RELEVANT TO THE DISPUTE

Although Kodak presented evidence during trial other than that recounted above, none of that other evidence is remotely relevant to the dispute that the jury was tasked with resolving.

For example, Kodak's only fact witness, Dr. Shih, testified about subjects like Steve Sasson's 14-pound digital camera, Kodak's research and development, Kodak's patents, and Kodak's licensing practices (*Id.* [Shih Direct] at 62:25-79:7)—none of which is relevant to

whether Pentax ever sold a DSLR that is a self-contained device (*Id.* [Shih Cross] at 80:4-16; [Trial ranscript] at 163:1-3 (noting that "issues about how much money Kodak might have spent in R&D" and "how many patents it has" "sheds no light whatsoever" on the issue in dispute)).

Dr. Ramchandran testified at length on subjects such as his background, his research, his awards, his patents, and pixel numbers. (*E.g.*, *Id.* [Ramchandran Direct] at 97:23-107:15.) But again, none of those subjects is relevant to whether Pentax ever sold a DSLR that is a self-contained device.

Dr. Ramchandran did testify as to his opinion that, although each Pentax DSLR was sold with the body and lens (or lenses) unattached, "the camera body was intended to be attached to the lens." (*Id.* [Ramchandran Direct] at 138:18-19.) In support of this opinion, Dr. Ramchandran pointed to manuals that provide directions regarding how to attach a lens to a body. (*Id.* [Ramchandran Direct] at 138:18-22, 140:5-18, 143:14-19.) But this testimony too is irrelevant to the issue to be decided by the jury—namely, whether a DSLR sold by Pentax falls within the scope of the PLA, which requires that a product be a self-contained device ***when placed into commercial use***. Indeed, the PLA states that royalties are calculated based on Net Sales of Digital Cameras and that a Digital Camera "shall be considered sold when first placed in commercial use." (Exhibit 1, at ¶ 4.3.) The contract language is clear and unambiguous and says nothing about the intent of Pentax or consumers:

> Q. If I could go back to Plaintiff Exhibit 1 which is the – or Defendant Exhibit 1 which is the PLA. In the definition of – in 1.2, the definition of digital camera, the word 'intent' is not part of that definition, is it?
>
> A. No.

(Exhibit 2 [Ramchandran Cross] at 188:20-24; *see also* Exhibit 1, at ¶¶ 1.2, 1.12, 4.3.)

As both parties acknowledge, the unambiguous language of the PLA requires that Pentax sell a self-contained device before a royalty obligation is triggered. (Exhibit 1, at ¶¶ 1.2, 1.12,

4.3.)  And as demonstrated above (*supra* Parts II, III), the only evidence presented by Kodak that is relevant to that issue proves that *no* DSLR sold by Pentax was a self-contained device and thus no royalty obligation was triggered by the sale of Pentax DSLRs.

## V.   THE JURY'S VERDICT REFLECTS ONLY KODAK'S INVITATION TO IGNORE THE PLA AND THE UNDISPUTED EVIDENCE

Kodak's evidence at trial proved that, in order for a DSLR to be a self-contained device, a lens *must* be attached to a body.  Pentax never sold a DSLR with a lens attached to a body. Thus, there was a complete failure of proof that any DSLR sold by Pentax was a Digital Camera as defined by the PLA.  Indeed, Kodak proved the opposite:  by presenting evidence that a lens *must* be attached to a body before a DSLR could fall within the scope of the PLA, Kodak affirmatively proved that Pentax DSLRs (which indisputably do not meet that requirement) do *not* fall within the scope of the PLA.

Thus, at trial, Kodak argued to the jury that Kodak's failure of proof on the sole relevant issue should simply be ignored.  Kodak argued:

> So, what Ricoh is saying is that when the lens is on a camera, it's a digital camera, but for the DSLRs, since they sell it with the lens off, unattached in the box, they say it's not a digital camera.  It's not complete, it's not a digital camera.  Now, we say this is a distinction without a difference.

(Exhibit 2 [Kodak Opening] at 35:11-17.)  And in closing, Kodak again argued:

> Members of the jury, whether DSLR cameras are sold with a lens already attached or whether they're sold in a kit side by side, where the lens has to be attached by the user, is a distinction without a difference.

(*Id.* [Kodak Closing] at 311:1-4.)  In other words, Kodak argued that, even though it was *undisputed* that (i) a lens *must* be attached to a body for a DSLR to fall within the PLA and (ii) Pentax *never* sold a DSLR that meets that requirement, the jury should simply ignore the plain terms of the PLA and all of the undisputed evidence.  Kodak argued that, even though the

undisputed evidence was that a lens and a body unattached in the same box does ***not*** meet the PLA's definition of Digital Camera, the jury should just find that it was close enough.

But "self-contained" is an explicit term limiting the scope of the contract, and—as a matter of law—it cannot simply be ignored, despite Kodak's contrary suggestion to the jury. Two sophisticated parties negotiated the PLA for three years.  (*Id.* [Shih Direct] at 72:18-21.) And the PLA does not define Digital Camera by reference to boxes or packaging or by reference to whether it is marketed as a "kit" or by some other name.  (Exhibit 1, at ¶ 1.2; Exhibit 2 [Shih Cross] at 82:23-83:23.)  The PLA requires "a self-contained device"—that is a ***device*** (not a box or a kit) that is "complete in itself," a ***device*** (not a box or a kit) that is "complete, or having all that is needed within itself."  (*E.g.*, Exhibit 2 [Trial Transcript] at 34:21-24; [Shih Cross] 83:20-23.)  The undisputed evidence is that Pentax never sold a device that meets that requirement of the PLA.  (*Supra* Parts I-IV.)  A jury verdict that ignores that undisputed evidence (and instead accepts an invitation to disregard the plain terms of the PLA) must be overturned pursuant to Rule 50.  *E.g.*, *Galdieri-Ambrosini*, 136 F.3d at 289.

## VI.    CONCLUSION

Because Kodak offered no evidence to meet its burden of proof that Pentax DSLRs fall within the scope of the PLA but offered overwhelming evidence to support Ricoh's position that they do not, Ricoh is entitled to judgment as a matter of law.  *Diesel*, 232 F.3d at 103 (finding that judgment as a matter of law should be granted where "there is a complete absence of evidence supporting the verdict" or there is "an overwhelming amount of evidence in favor of the movant").  Ricoh's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 should be granted.

DATED:  December 3, 2013


By: /s/ *David Eiseman*
_____

David Eiseman*
Philip C. Sternhell*
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Ave. NW, Suite 825
Washington, DC 20004
(202) 538-8178
davideiseman@quinnemanuel.com
philipsternhell@quinnemanuel.com

Christopher Tayback*
Ryan S. Goldstein*
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
ryangoldstein@quinnemanuel.com

Melissa J. Baily
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
melissabaily@quinnemanuel.com

*Admitted pro hac vice*

*Counsel for Defendant Ricoh Company, Ltd.*