**quinn emanuel** trial lawyers | washington, dc

150 California Street, San Francisco, California, 94111 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6314**

WRITER'S INTERNET ADDRESS
**davideiseman@quinnemanuel.com**

December 12, 2013

<u>Via ECF</u>

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>Eastman Kodak Company v. Ricoh Company, Ltd.</u>, No. 12-cv-3109 (DLC)

Dear Judge Cote:

Pursuant to Local Civil Rule 54.1(a), Defendant Ricoh Company, Ltd. ("Ricoh") requests that the Court stay further proceedings on Plaintiff Eastman Kodak Company's ("Kodak") December 5, 2013 bill of costs until after Ricoh's appeal in this case is decided.  We have conferred with counsel for Kodak who has indicated that Kodak does not oppose Ricoh's request.

On November 6, 2013, the Court entered final judgment against Ricoh.  (Dkt. No. 203.)  Ricoh posted and filed notice of a supersedeas bond on November 18, 2013 (Dkt. No. 207), securing Ricoh's obligations under the judgment pending disposition of Ricoh's post-trial motions and appeal.  On December 3, 2013, Ricoh filed its renewed motion judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).  (Dkt. Nos. 208-210.)  In accordance with the Court's December 4, 2013 scheduling order, briefing on Ricoh's motion will be completed by January 10, 2013.  (Dkt. No. 211.)  Additionally, as Ricoh has indicated on numerous occasions, Ricoh intends to appeal the judgment in its entirety.  (Dkt. Nos. 203; 204; 207.)

Local Civil Rule 54.1(a) provides that "costs will not be taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial."  This Rule has been found to be "dispositive at this procedural juncture" in denying a motion for costs.  *See*, *e.g.*, *Del Franco v. New York City Off-Track Betting Corp.* CV-02-3064 JMA, 2007 WL 2163108 (E.D.N.Y. July

26, 2007) ("Since Local Civil Rule 54.1 expressly prohibits an award of costs during the pendency of appeal, a bill of costs can not issue at this time.").

Under the circumstances, Ricoh requests that the Court stay further proceedings on Kodak's bill of costs until after Ricoh's appeal is decided. In the event Kodak remains the prevailing party, Ricoh will provide detailed objections to any new or renewed bill of costs submitted, under Local Civil Rule 54.1(a), after resolution of Ricoh's appeal.

Respectfully submitted,

David Eiseman

cc: Robert Gunther, Jr.
Michael Summersgill