UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EASTMAN KODAK COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-3109 (DLC) |
| RICOH COMPANY, LTD. | ) ) | |
| Defendant. | ) ) ) | |

**RICOH'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

In its opposition to Ricoh's Motion for Judgment as a Matter of Law, Kodak cites to eighteen segments of trial testimony, three physical exhibits, and twenty-one "instruction manuals." Not a single one of those portions of the trial record supports the jury verdict in this case. Indeed, the very evidence cited by Kodak demonstrates that judgment as a matter of law must be granted in favor of Ricoh.

**I.     THE EVIDENCE CITED BY KODAK CONCLUSIVELY PROVES THAT A DSLR MUST HAVE A LENS ATTACHED TO A BODY IN ORDER TO BE A SELF-CONTAINED DEVICE WITHIN THE SCOPE OF THE PLA**

The evidence cited in Kodak's opposition conclusively proves that a DSLR must have a lens attached to a body in order to be a self-contained device within the scope of the PLA. Although Kodak characterizes the evidence as showing that "a Pentax DSLR with a lens" is "complete" (*e.g.*, Opp. at 4, 5), not a single one of Kodak's citations to the record supports that ambiguous proposition. Instead, each and every portion of the record to which Kodak cites makes clear and explicit that a "DSLR with a lens" is a self-contained device *only if the DSLR body and lens are attached*.

For example, Kodak argues that Dr. Ramchandran "presented unrebutted testimony that a DSLR sold with a lens in a kit includes everything that the user needs to take a picture and is therefore a complete picture taking device." (Opp. at 4.) Kodak then attempts to block quote an excerpt of Dr. Ramchandran's testimony. (*Id.* at 4-5.) But Kodak omits (without ellipses) the critical language from the quoted testimony that reveals Dr. Ramchandran's actual opinion, which is that a DSLR satisfies the PLA's definition of Digital Camera *not* when a DSLR body is sold "with a lens" but only when a DSLR body and a lens are attached:

> Q. . . . Can you describe in detail the first basis for your opinion that the DSLR cameras that you studied are self-contained?
>
> A. Yes, so the first basis was the fact that the box that I purchased had the lens and the body next to each other in the box, *and when I attached the lens to the box* – to the body of the camera, I have a fully functional operational digital camera that satisfies the elements of the [Digital Camera] definition.

(Trial Tr.[1] [Ramchandran Direct] 139:13-20.[2])

Similarly, the next portion of Dr. Ramchandran's testimony cited by Kodak is not what Kodak describes as "testimony that a DSLR sold with a lens . . . is []a complete picture taking device." (Opp. at 5.) Dr. Ramchandran actually testified that a DSLR is complete only once the body and lens are attached:

> *Once I have attached the lens to the camera*, which came in the box sitting next to each other, it has all the components that I need for it to be complete, meaning it has everything I need to take a picture . . . So *it's certainly complete once I've attached the lens to the body* . . .

(Trial Tr. [Ramchandran Direct] at 138:10-16.)

---

[1] All "Trial Tr." citations reference Exhibit 1 to the Declaration of Philip Charles Sternhell filed concurrently with this reply memorandum.

[2] The red text indicates the portion of the testimony that Kodak omitted from its block quote. (*See* Opp. at 4.)

2

The scenario is the same with respect to the testimony of Pentax witnesses. Kodak characterizes that testimony as "confirming that, even according to Pentax, a DSLR camera with a lens is complete." (Opp. at 5.) But that is not what the testimony cited by Kodak says. The testimony does not say "a DSLR camera with a lens is complete"; it says a DSLR body with a lens is complete *only once they are attached*:

> Q. *Once you attach the lens* to a single-lens reflex camera you can take a picture, correct?
>
> A. That's correct, in the sense that you can take a photo, yes.
>
> (Trial Tr. [Kawano Deposition] at 87:21-88:2)
>
> Q. Sir, with a K-30 lens kit, the once that has both the [lens] and the camera body in the same box, is it possible for the user to take that kit, open the box, *take the camera body, attach the lens*, and as a result, have a picture taking device?
>
> A. Yes. You need to go through those processes to be able to do that.
>
> (*Id.* [Eguchi Cross] at 259:7-15.)

It may have been "Kodak's position through trial [] that a DSLR is complete if it is sold in a single package that contains all the components necessary to capture an image."[3] (Opp. at 12.) But Kodak has not pointed to *any* testimony or evidence that could possibly be construed to support that position. Every single excerpt of testimony cited by Kodak makes explicit that a body and a lens are a "self-contained" picture-taking device *only when they are attached*, not when they are unattached in a single package. As Dr. Ramchandran testified:

---

[3] Kodak's position is, of course, contrary to the plain terms of the PLA. In order to fall within the scope of the royalty provision, the PLA requires that a camera be a "self-contained *device*"—a *device* that is "complete in itself" or a *device* that is "complete, or having all that is needed, in itself." Just as "with" is not the same as "attached," a "package" is not a "device." Thus, Kodak's argument that Pentax "include[s] in a single package all of the components necessary to take a picture" (Opp. at 10) is irrelevant. And even if Kodak's position is taken at face value, Kodak cannot point to a single piece of evidence that suggests that "a DSLR is complete if it is sold in a single package that contains all the components necessary to capture an image"; to the contrary, the only evidence is that a DSLR is "complete once [the user has] attached the lens to the body." (Trial Tr. [Ramchandran Direct] 139:24-25.)

3

> Q.  Isn't it true that your opinion – that we have just covered, your opinion yesterday, your opinion today, the several times you mentioned it in your report – ***require that for it to be a digital camera, the components, the lens and the body, must be attached***; that's correct, right?
>
> A.  That is correct.

(*Id.* [Ramchandran Cross] at 171:11-16.)

The trial record could not be any more unambiguous or conclusive.  There is no room for interpretation or inference.  Kodak has not pointed to—and cannot point to—any evidence that a DSLR body "with a lens" in a single package is a Digital Camera.  The conclusive and undisputed evidence is that, for the definition of Digital Camera to be met, the DSLR body and lens must be attached.[4]

## II.  PENTAX NEVER SOLD A DSLR WITH A LENS ATTACHED TO A BODY

Kodak does not dispute that Pentax never sold a DSLR with a lens and body attached.

In its opposition, Kodak states that "the jury was presented with actual Pentax DSLR kits including both a DSLR camera body and lens in the same box as physical exhibits." (Opp. at 6.) That physical evidence proves Rich's point.  Even Kodak does not contend that the lens and body of any of the physical exhibits were attached when purchased, and the undisputed evidence at trial was that they were not.  (Trial Tr. [Ramchandran Direct] at 19:18-25, 127:1-128:1, [Ramchandran Cross] 170:8-13.)  The testimony regarding the physical exhibits cited by Kodak (Opp. at 6) confirms this as well:  "And so, in order to take the picture when I open the box up

---

[4] Nothing about this evidence is called into question by a reference to "Removable Digital Storage Media" in the PLA's definition of "Digital Camera."  (*See* Opp. at 13.)  Not only were the PLA's separate requirements related to storage media not at issue in this case, but nothing about the PLA's requirements for storage media changed Dr. Ramchandran's opinion that, in order for a DSLR to fall within the scope of the definition of "Digital Camera," a lens must be attached to the body.

you would take the lens and attach it to the body" (i.e., the lens and the body were unattached when the box was opened). (Trial Tr. [Ramchandran Direct] at 127:24-25)

Thus, the undisputed evidence at trial was that no Pentax DSLRs were sold with a lens and body attached. (*Id.* [Eguchi Direct] at 208:19-210:24)

### III. THE PLA REQUIRES THAT A PRODUCT SATISFY THE DEFINITION OF DIGITAL CAMERA AT THE TIME IT IS SOLD BY PENTAX

As demonstrated above, all of the evidence cited by Kodak—in addition to all of the evidence cited in Ricoh's opening brief—conclusively proves (without permitting any inference to the contrary) that:

(1) In order to be "a self-contained device," a DSLR body and lens must be attached; and

(2) Pentax never sold a DSLR body and lens attached.

Thus, the uncontroverted proof is that Pentax's DSLRs did not meet the definition of "Digital Camera" *at the time they were sold*. And, as the jury was instructed, that is what is required by the PLA. (Trial Tr. [Charge] at 319:20-22 ("You must decide whether the sales of Pentax's DSLRs are sales of a self-contained device when those sales were made by Pentax . . .").)

Kodak does not appear to dispute that the time of sale is the time at which a product must meet the definition of "Digital Camera" for purposes of the PLA. Indeed, in its opposition, Kodak makes no mention of Paragraph 1.12 of the PLA, which explicitly and unambiguously limits the royalty base to products that meet the definition of "Digital Camera" at the time they enter the consumer market:

> "'Net Sales' in this Agreement shall be determined based on whether a Digital Camera enters the consumer market as a Ricoh Branded Licensed Product or an OEM Licensed Product as defined below."

Each of "a Ricoh Branded Licensed Product" and "an OEM Licensed Product" is defined to be "a Licensed Product" (*id.* ¶¶ 1.13, 1.17), and a "Licensed Product" is defined to be a "Digital

5

Camera" (*id.* ¶ 1.8).  Paragraph 1.12 of the PLA thus provides that Net Sales are determined based on whether a product "enters the consumer market" ***as a Digital Camera***.  In other words, the plain terms of the PLA require that, in order to be subject to the royalty provision of the PLA, a product must be a "a self-contained device" when it "enters the consumer market."

Although Ricoh never mentions Paragraph 1.12 of the PLA, it does reference Section 4.3 of the PLA at the tail end of its brief.  (Opp. at 12.)  Section 4.3 provides that:

> For the purpose of this Agreement, Ricoh Licensed Products shall be considered sold when first placed in commercial use by Ricoh or any of its Subsidiaries, such as when billed out, delivered to the trade, or exported.

Kodak states that Paragraph 4.3 "does not say anything about the definition of 'Digital Cameras' or what cameras can be considered self-contained."  (Opp. at 12.)  And it is certainly true that Paragraph 4.3 does not contain the definition of Digital Camera.  But Paragraph 4.3 does confirm what Paragraph 1.12 already makes clear—that the time at which a product "shall be considered ***sold***" is important because that is the time at which "worldwide Net ***Sales***" of Licensed Products (*i.e.*, Digital Cameras) is determined.  (*See* Trial Tr. [Charge] 318:19-22 ("Under section 4.3 of the PLA, a licensed product is considered sold when first placed in commercial use.  The term "licensed product" is defined in the PLA to mean "digital camera . . ."); *id.* 319:20-22 ("You must decide whether the sales of Pentax's DSLRs are sales of a self-contained device when those sales were made by Pentax . . .").)

## IV. NO OTHER EVIDENCE PRESENTED BY KODAK IS RELEVANT

The evidence already discussed conclusively proves that (i) in order to meet the definition of Digital Camera, a DSLR body and lens must be attached at the time sold, and (ii) Pentax never sold a DSLR with a body and lens attached.  None of the other evidence cited by Kodak is relevant to the analysis or provides any basis for a contrary finding.

Kodak cites to eight excerpts of testimony and twenty-one operating manuals to show that, "when Pentax sold a DSLR with a lens in a kit, it intended the user to attach the lens to the camera body." (Opp. at 6.) But whether Pentax intended a user to attach a lens to a body sometime after its products were sold is irrelevant under the PLA. The definition of Digital Camera says nothing about Pentax's intent. (PLA at § 1.2; Trial Tr. [Ramchandran Cross] at 188:20-24.) And, as demonstrated above, the definition of "Net Sales" makes clear that products must meet the definition of "Digital Camera" at the time they are sold. (PLA at § 1.12; *supra* Part III.)

The only other evidence cited in the whole of Kodak's opposition are two excerpts of testimony describing Dr. Ramchandran's qualifications. (Opp. at 4.) To the extent such evidence is relevant at all, it only lends credence to Dr. Ramchandran's blanket admission that "the lens and the body must be attached" for a DSLR to qualify as a "Digital Camera" under the PLA. (Trial Tr. [Ramchandran Cross] at 171:11-16.)

## V. THE JURY'S VERDICT REFLECTS ONLY KODAK'S INVITATION TO IGNORE THE PLA AND THE UNDISPUTED EVIDENCE

In its opposition, Kodak relies heavily on the following commentary by the Court: "I do think that elevating substance over form, it made sense to find that when a body and lens are shipped together by Pentax, that that is a self-contained camera." (Opp. at 1, 9.) But, respectfully, there is no room for a jury to exercise its discretion about "substance" versus "form" in this case. The undisputed evidence has to be measured against the terms of the contract. The PLA explicitly requires a product to be a "self-contained device" *at the time of sale*, and the evidence proves conclusively that Pentax's DSLRs do not meet that requirement. That is where the analysis must end.

It is simply immaterial whether the contractual terms agreed to by the parties seem to elevate form over substance when applied in the one particular instance at issue here. And, though invited to do so by Kodak, a jury cannot ignore the terms agreed to by the parties and the undisputed evidence that those terms were not satisfied just because some result unsupported by those terms and that evidence seems to make sense.

## VI.   JMOL SHOULD BE GRANTED IN RICOH'S FAVOR

Kodak argues that the trial record supports its position. But attorney argument is not evidence. And none of the eighteen portions of testimony—nor the three physical exhibits or twenty-one instruction manuals—that Kodak points to in its opposition even remotely suggests that a Pentax DSLR (sold with the body and lens unattached) falls within the scope of the PLA. Indeed, the evidence cited by Kodak requires exactly the opposite finding. Accordingly, Ricoh's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 should be granted.

January 10, 2014

By: /s/ *David Eiseman*

David Eiseman*
Melissa J. Baily
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
melissabaily@quinnemanuel.com

Christopher Tayback*
Ryan S. Goldstein*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000
ryangoldstein@quinnemanuel.com

*Admitted pro hac vice*

*Counsel for Defendant Ricoh Company, Ltd.*